**HAWPE CONSTRUCTION, INC.,**
Plaintiff–Appellant,

v.

**UNITED STATES, Defendant–Appellee.**

No. 00–5103.

United States Court of Appeals,
Federal Circuit.

June 8, 2001.

Before CLEVENGER, SCHALL, and BRYSON, Circuit Judges.

## DECISION

SCHALL, Circuit Judge.

Hawpe Construction Inc. ("Hawpe") appeals the decision of the United States Court of Federal Claims that granted summary judgment on the administrative record in favor of the United States in Hawpe's bid protest action. *Hawpe v. United States*, 46 Fed.Cl. 571 (2000). In its protest, Hawpe challenged the award to Biogenesis Pacific, Inc. ("BPI") of a contract for the installation and repair of roofs at the Navy Public Works Center in Guam ("PWC"). The PWC contract was awarded under a competitive procurement pursuant to the Small Business Administration's ("SBA's") 8(a) program. *See* 15 U.S.C. §§ 631(f)(2)(A) and (B) (1994). We *affirm*.

## DISCUSSION

### I.

■ We review a grant of summary judgment upon the administrative record without deference to the Court of Federal Claims. *Advanced Data Concepts, Inc. v. United States*, 216 F.3d 1054, 1057 (Fed. Cir.2000). A bid protest in the Court of Federal Claims is considered under the Administrative Procedure Act's ("APA's") standard of review. 28 U.S.C. § 1491(b)(4) (1994); *Advanced Data Concepts*, 216 F.3d at 1057. Under the APA standard, a court must determine whether the government's actions were arbitrary, capricious, abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege or immunity; in excess of statutory jurisdiction, authority, or limitations; or without observance of procedure required by law. 5 U.S.C. § 706(2) (1994).

■ To prevail on its action in the Court of Federal Claims, Hawpe was required to show that significant errors occurred in the procurement process and that those errors were prejudicial. *Advanced Data Concepts*, 216 F.3d at 1057; *Alfa Laval v. United States*, 175 F.3d 1365, 1367 (Fed.Cir.1999). To be erroneous, the government's actions during the procurement process must be such that they do not evince "rational reasoning and consideration of relevant factors." *Advanced Data Concepts*, 216 F.3d at 1058. If such an error is found, for it to be prejudicial, the disappointed bidder must establish that "there was a substantial chance it would have received the contract award but for that error." *Statistica Inc. v. Christopher*, 102 F.3d 1577, 1582 (Fed.Cir. 1996). When the government solicits a bid on a contract, it is deemed to have entered into an implied-in-fact contract with the bidders to have their bids considered fairly and honestly. *Southfork Systems, Inc. v. United States*, 141 F.3d 1124, 1132 (Fed. Cir.1998).

### II.

The Court of Federal Claims determined that the government's award of the PWC contract to BPI was a breach of the solicitation, the reason being that BPI did not have the SBA SIC Code 1761 that was required in the Request for Proposals ("RFP"). *Hawpe*, 46 Fed.Cl. at 579; *see also* 10 U.S.C. § 2305(b)(1) ("The head of an agency shall evaluate sealed bids and competitive proposals and make an award based solely on the factors specified in the solicitation."). The court concluded, however, that while the government's choice of a contractor without an SIC Code 1761 was a breach of the RFP, the breach was not material and Hawpe suffered no prejudice. *Hawpe*, 46 Fed.Cl. at 580. By the

time the RFP for the PWC contract was awarded, however, the SBA had removed the requirement that a small business have a formal SIC Code certification in order to bid on an 8(a) contract. 13 C.F.R. § 124.402 (1999). Rather, the small businesses only needed to meet the qualifications set forth in the SIC Code. The court noted that the SBA was to make the ultimate determination as to size eligibility when it reviewed the potential contractors. The court reasoned that, under these circumstances, while the government "did technically violate the terms of its own RFP, it did so in a manner that did not harm consideration of [Hawpe's] bid, and considered [BPI's] bid in accordance with federal regulation and law. This fact, coupled with the realization that the SBA had the ultimate decision on size determination, including the requirement for SIC Code 1761 certification, prevents the court from granting [Hawpe's] request for permanent injunction." *Hawpe,* 46 Fed.Cl. at 582.

### III.

We see no error in the decision of the Court of Federal Claims. Hawpe failed to show prejudice from the violation of the RFP. As the trial court noted, *Id.* at 579, Hawpe was on notice that the SBA had changed the SIC Code provision requirement through its announcement of the change in the Federal Register and through the Code of Federal Regulations, both which give legal notice of their content. *Fed. Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 384–85, 68 S.Ct. 1, 92 L.Ed. 10 (1947). Additionally, as in all small business contract procurements, either directly through the government agency or via the SBA, the SBA had the ultimate decision on size determinations. The SBA retains the ultimate right to determine whether its size requirements have been met. 48 C.F.R. § 219.800 (1999). Because BPI met the requirements for this procurement, the SBA would have found BPI eligible for the award, with or without SIC certification. As the trial court determined, a new bid solicitation would fail to provide Hawpe with a fairer consideration of its bid because both BPI and Hawpe would be competing under current SBA standards which do not require SIC Code 1761. *Hawpe* 46 Fed. Cl. at 579. Without the error in the RFP, Hawpe stands the same chance of obtaining the contract as it did in the initial procurement.

This case is unlike that of *Alfa Laval,* upon which Hawpe relies. There, the government waived a testing requirement for one specific bidder. The plaintiff in *Alfa Laval* was prejudiced because he was one of only two bidders; "but for" the waiver of the testing requirement, the plaintiff in *Alfa Laval* would have been assured of the award. In contrast, Hawpe has not shown that it was prejudiced by the government's consideration of its bid.

For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.

No costs.