JWK INTERNATIONAL
CORPORATION, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee,

and

LTM Inc., Defendant–Appellee.

No. 01–5091.

United States Court of Appeals,
Federal Circuit.

DECIDED: Jan. 29, 2002.

Rehearing Denied Feb. 20, 2002.

Cyrus E. Philips, IV, of Washington, DC, argued for plaintiff-appellant.

Erin E. Powell, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were Stuart E. Schiffer, Acting Assistant Attorney General; David M. Cohen, Director; and Harold D. Lester, Jr., Assistant Director. Of counsel on the brief were Mitzi S. Phalen, and Russell Spindler.

Devon E. Hewitt, Shaw Pittman, of McLean, Virginia, argued for defendant. Of counsel on the brief were Alex D. Tomaszczuk, and Daniel S. Herzfeld.

Before MAYER, Chief Judge, GAJARSA and LINN, Circuit Judges.

MAYER, Chief Judge.

JWK International Corporation appeals the orders of the United States Court of Federal Claims granting the United States' and LTM's motion for judgment upon the administrative record, and denying JWK's motions for judgment upon the administrative record and preliminary injunction. *See JWK Int'l Corp. v. United States,* No. 01–26C (Fed. Cl. April 13, 2001). Because the Navy's decision not to conduct discussions with respect to JWK's cost proposal under Federal Acquisition Regulation § 15.306(d)(3), 48 C.F.R. § 15.306 (2001), was in accordance with law, we affirm.

## Background

In response to a request for proposals, JWK International Corporation ("JWK"), the incumbent contractor, submitted a proposal to the Navy for a contract to continue to supply acquisition logistics management integration services. Proposals were evaluated in the areas of technical, management, past performance, and cost. According to the RFP, the cost factor was the least important. LTM Inc. ("LTM") was the only other bidder. The relevant ratings of JWK's initial proposal were: marginal for technical, marginal for management, and adequate for cost, considering its 1.5 percent proposed annual average labor rate escalation. LTM received a marginal for technical, satisfactory for management, and adequate for cost, considering its 3 percent escalation rate.

The Navy entered into discussions with both JWK and LTM about the respective weaknesses of their proposals. The Navy did not discuss cost with either bidder because both of their cost proposals were rated as adequate. When the final revised proposals were submitted, JWK received a rating of marginal for technical, and satisfactory for management, compared with LTM's satisfactory for technical, and highly satisfactory for management. The Navy applied a cost realism adjustment to both cost proposals, increasing JWK's cost to $167,191,517 and LTM's to $169,993,563. The Navy awarded the contract to LTM based upon its superior non-cost factor ratings. JWK filed a post-award bid protest in the United States Court of Federal Claims. The court granted the United States' and LTM's motion for judgment upon the administrative record, and denied JWK's motions for judgment upon the administrative record, preliminary injunction, and injunction pending appeal. JWK appeals.

## Discussion

We have jurisdiction to review the judgments of the Court of Federal Claims under 28 U.S.C. § 1295(a)(3) (1994). We review the court's grant of summary judgment upon the administrative record without deference. We reapply the summary judgment standard in an independent review to determine whether the moving party is entitled to judgment as a matter of law. *Advanced Data Concepts, Inc. v. United States*, 216 F.3d 1054, 1057 (Fed.Cir.2000). Post-award bid protests are reviewed under the Administrative Procedure Act's standard of review. 28 U.S.C. § 1491(b)(4) (Supp. IV 1998). We will affirm unless we find the agency's action to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (1994).

The question here is whether Federal Acquisition Regulation § 15.306(d)(3) requires a contracting officer to enter into cost discussions with bidders whose cost proposals are deemed adequate. Section 15.306(d)(3) states in relevant part:

> The contracting officer shall ... discuss with, each offeror still being considered for award, significant weaknesses, deficiencies, and other aspects of its proposal (such as cost, price, technical approach, past performance, and terms and conditions) that could, in the opinion of the contracting officer, be altered or explained to enhance materially the proposal's potential for award. The scope and extent of discussions are a matter of contracting officer judgment.

48 C.F.R. § 15.306(d)(3) (2001).

JWK argues that cost discussions must always be conducted under section 15.306(d)(3) even if the cost proposal is not a significant weakness or deficiency because cost is always material. JWK as-

serts that a cost adjustment to a bid would always materially enhance a proposal's potential for award. To support its proposition, JWK cites FAR § 15.304(c)(1), 48 C.F.R. § 15.304(c)(1) (2001): "Price or cost to the Government shall be evaluated in every source selection." Section 15.304(c)(2), however, also states that the "quality of the product or service shall be addressed in every source selection through consideration of ... factors such as ... past performance ... technical excellence, management capability, personnel qualifications, and prior experience." *Id.* § 15.304(c)(2). The head of the agency establishes the relative importance of the cost and non-cost factors. 10 U.S.C. § 2305(a)(3)(A)(i) (1994). Here, according to the RFP, "[a]ll evaluation factors other than Cost, when combined, are significantly more important than Cost." Because both cost and non-cost factors must be considered and the agency has full discretion to rank the importance of the factors, a downward cost adjustment may not always affect the award. Therefore, cost is not always material, and does not automatically mandate discussions. In the absence of any language in Part 15 of the Federal Acquisition Regulations requiring discussions with respect to any factor, the Navy's determination that cost discussions are not required is unobjectionable.

■ Under section 15.306(d)(3), whether discussions should be conducted lies within the discretion of the contracting officer. 48 C.F.R. § 15.306(d)(3). All aspects of the discussions, their subject, breadth, and extent, are within the purview of the contracting officer. *Id.* Under the regulation, aside from areas of significant weakness or deficiency, the contracting officer need not discuss areas in which a proposal may merely be improved. Therefore, absent bad faith or an abuse of discretion, the contracting officer need not conduct dis-

cussions. *See T & M Distrib., Inc. v. United States,* 185 F.3d 1279, 1282 (Fed. Cir.1999).

■ In this case, the contracting officer did not engage in cost discussions with JWK because the Navy had determined that the cost proposal was acceptable. The contracting officer determined that cost was not an area of weakness with "a flaw that increases the risk of unsuccessful contract performance," or a deficiency with "a material failure ... to meet a Government requirement ... that increases the risk of unsuccessful contract performance to an unacceptable level." 48 C.F.R. § 15.301 (2001). The Navy had estimated that the contract would cost $164,206,050, and JWK's adjusted bid was $167,191,517. The contracting officer's judgment that a 1.79 percent difference in cost was not a weakness or deficiency, and his decision not to enter into cost discussions with JWK were neither in bad faith nor an abuse of discretion.

■ To prevail in its bid protest, JWK must additionally show that any significant error in the procurement process prejudiced the award. *Statistica, Inc. v. Christopher,* 102 F.3d 1577, 1581 (Fed.Cir. 1996). In the absence of an alleged error, there must be a "substantial chance" that JWK would have received the award. *Id.* JWK argues that if the contracting officer had entered into cost discussions and it had been given the opportunity to offer cost caps on its proposed labor rate escalation, then it could have bid a lower cost and been awarded the contract. But cost was the least important criterion, and even with the cost realism adjustment, JWK's bid was still lower than LTM's. It was more important that JWK received lower ratings in the technical and management areas than LTM, because the contracting officer decided that LTM's superiority in those areas outweighed the marginal cost

difference between the two. That was a permissible judgment under the source selection regulation, FAR § 15.308, 48 C.F.R. § 15.308 (2001).

### Conclusion

Accordingly, the judgment of the United States Court of Federal Claims is affirmed.

AFFIRMED.