SOUTHGULF, INC., Plaintiff–
Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 01–5142.

United States Court of Appeals,
Federal Circuit.

March 11, 2002.

Before MAYER, Chief Judge, LOURIE, and SCHALL, Circuit Judges.

## DECISION

SCHALL, Circuit Judge.

Southgulf, Inc. ("Southgulf") appeals from the United States Court of Federal Claims' denial of Southgulf's protest of the award by the Air Force of two contracts for protective coating services. *See Southgulf, Inc. v. United States,* No. 00–352C, slip op. (June 20, 2001). We *affirm.*

## DISCUSSION

In its protest, Southgulf challenged the Air Force's award of the two contracts for protective coating services to Ostrom Painting and Sandblasting, Inc. ("Ostrom") and EVCO National, Inc. ("EVCO") at Hurlburt Field Air Force Base ("Hurlburt") and Eglin Air Force Base ("Eglin"), respectively. In challenging the Court of Federal Claims' denial of its protest, Southgulf raises a number of arguments. We have considered them all and have found them to be without merit. However, two of Southgulf's contentions do warrant discussion.

### I.

■ Southgulf contends that Ostrom's bid for the Hurlburt contract, despite representing the lowest price, was "materially unbalanced" and thus should have been rejected. In support of its argument, Southgulf points out that Ostrom's price for water blasting—a component of the protective coating services contract—was only five cents per square foot. By contrast, the other bidders submitted blasting prices of 20 and 25 cents per square foot.

A bid is materially unbalanced when it contains "prices significantly less than cost for some work and prices which are significantly overstated in relation to cost for other work, and ... there is a reasonable doubt that the bid will result in the lowest overall cost." *Anderson Columbia Environmental v. United States,* 43 Fed. Cl. 693, 699 (1999) (quoting 48 C.F.R. § 52.214–19(d) (1998)). Thus, in order to prove that Ostrom's bid was materially unbalanced, Southgulf was required to demonstrate that the bid contained inaccurate estimates that created a reasonable doubt that the bid would result in the lowest overall cost to the government. Southgulf failed to do that, because it did not establish the requisite connection between its allegation that Ostrom's price for water blasting was exceptionally low and the potential for harm to the government.

### II.

■ The solicitation for the Eglin contract provided as follows: "If the lowest priced, technically acceptable offeror is judged to have an exceptional past performance rating, that offer represents the best value for the government. Award shall be made to that offeror without further consideration to any other offers." Southgulf submitted the lowest bid. How-

ever, its receipt of a past performance rating of Very Good, instead of Exceptional, failed to trigger the above provision of the solicitation, so as to mandate award to Southgulf as the lowest bidder "without further consideration to any other offers." Southgulf alleges that the Air Force's decision to assign it a past performance rating of Very Good was arbitrary and capricious.

Southgulf points out that the Eglin solicitation defined five possible performance ratings: Exceptional, Satisfactory, Neutral, Marginal, and Unsatisfactory. According to the government, a sixth possible rating of Very Good was omitted from the solicitation by error. Pursuant to the terms of the solicitation, the Air Force assigned a single, consolidated past performance rating based on responses to questionnaires it submitted to each offeror's references. The questionnaires permitted six possible responses to various questions regarding the offeror. The possible responses were the five performance ratings contained in the solicitation and the omitted rating of Very Good.

After receiving questionnaire responses from three of Southgulf's references, the Air Force's past performance team assigned Southgulf a rating of Satisfactory. However, after noting that the past performance questionnaires predominantly contained ratings above Satisfactory, the Chief of the Clearance and Policy Division, Contracting Directorate, directed the past performance team to raise Southgulf's rating. The team responded by assigning Southgulf a rating of Very Good, which was not included in the solicitation. Southgulf argues that the past performance team, having received a directive to raise Southgulf's rating above Satisfactory, should have assigned the only higher rating contained in the solicitation: Exceptional. According to Southgulf, the Air Force's failure to do that, which would have resulted in the award of the Eglin contract to Southgulf, was arbitrary and capricious. We disagree.

In order to prevail in its bid protest, Southgulf was required to demonstrate a "significant, prejudicial error in the procurement process." *Alfa Laval Separation, Inc. v. United States,* 175 F.3d 1365, 1367 (Fed.Cir.1999). The omission of the Very Good rating from the Eglin solicitation and the Air Force's giving Southgulf a Very Good rating did not prejudice Southgulf's opportunity to receive the contract. In light of the inclusion of the Very Good category in the questionnaire, and the multitude of Satisfactory and Very Good responses the Air Force received from Southgulf's references, Southgulf failed to establish entitlement to a rating of Exceptional. Thus, no error occurred in the procurement process that mandates disturbing the award of the Eglin contract to EVCO. *See Grumman Data Sys. Corp. v. Widnall,* 15 F.3d 1044, 1048 (Fed.Cir.1994). The decision of the Court of Federal Claims is affirmed.