**IMPRESA CONSTRUZIONI GEOM. DOMENICO GARUFI,**
Plaintiff,

v.

**The UNITED STATES, Defendant.**

Nos. 99–400 C, 01–708 C.

United States Court of Federal Claims.

July 11, 2002.

Sam Zalman Gdanski, Suffern, New York, for plaintiff. Jeffrey Gdanski and Scott Gdanski, Suffern, New York, of counsel.

Franklin E. White, Jr., with whom were Robert D. McCallum, Jr., Assistant Attorney General, and David M. Cohen, Director, Department of Justice, Washington, DC, for defendant. Robert E. Little, Department of the Navy, of counsel.

*OPINION AND ORDER*

HEWITT, Judge.

This matter is before the court for a determination of the non-monetary relief to which plaintiff is entitled based on the court's decision to sustain plaintiff's post-award protest.

Impresa Construzioni Geom. Domenico Garufi (Garufi or plaintiff) filed its protest in this court on June 28, 1999 challenging the award decision of the Navy (Navy or government) for a consolidated services contract including janitorial and ground maintenance services.[1] Complaint (Compl.) ¶¶ 1, 3, 4, 5. The services contract, which was to be performed at the United States Naval Air Station in Sigonella, Italy (the Sigonella base), was for a period of a one year with four option years. Administrative Record (AR) at 271. Among other complaints regarding the award decision, Garufi alleged that the government failed to determine properly the responsibility of the successful offeror, Joint Venture Conserv (JVC).[2] Compl. ¶¶ 9, 10, 19, 22. This court denied plaintiff's protest, and plaintiff appealed.

On review, the United States Court of Appeals for the Federal Circuit stated:

> In this case, as the government has conceded at oral argument, if appellant's bid protest were allowed because of an arbitrary and capricious responsibility determination by the contracting officer, the government would be obligated to rebid the contract, and appellant could compete for the contract once again. Under these circumstances, the appellant has a "substantial chance" of receiving the award and an economic interest and has standing to challenge the award. *Alfa Laval Separation, Inc. v. United States,* 175 F.3d 1365, 1367 (Fed.Cir.1999).

*Impresa Construzioni Geom. Domenico Garufi v. United States,* 238 F.3d 1324, 1334 (Fed.Cir.2001). The Federal Circuit remanded the case to this court for further limited proceedings. *Id.* at 1340–41.

On remand from the Federal Circuit, this court reviewed the deposition testimony of the contracting officer and determined that the contracting officer had failed to conduct an independent and informed responsibility determination. In its Opinion and Order dated May 3, 2002, the court stated:

> Because [the contracting officer] lacked sufficient information to be in a position to make the assumptions that he did and because he failed to make an affirmative assessment of [the contract awardee's] responsibility, the court cannot find that the contracting officer conducted a reasonable responsibility determination.
>
> Because the basis for the contracting officer's procurement decision was not reasonable, specifically because the responsibility determination on which the award was based violated the standards set forth in § 706 of Title 5 of the United States Code, the court sustains the protest. See 5 U.S.C. § 706 (1996). Plaintiff is entitled to relief.

*Impresa,* 52 Fed.Cl. at 428. The court awarded plaintiff its bid preparation and proposal costs and directed the parties to confer and file statements with the court addressing whether non-monetary relief is proper in this case. *Id.*

Plaintiff urges the court to direct the Navy to terminate the existing contract and immediately re-solicit the contract. Plaintiff's Statement Regarding Non[-]Monetary Relief (Pl.'s Relief Stmt.) at 2. Alternatively, plaintiff contends that the court should enjoin the Navy from renewing the next option year on the contract and then re-solicit the contract. *Id.*

Defendant argues that plaintiff's request for injunctive relief should be denied because the court did not state in its Opinion and Order dated May 3, 2002 that plaintiff was prejudiced by defendant's procurement error. Defendant's Statement Regarding Non–Monetary Relief (Def.'s Relief Stmt.) at 2. Alternatively, defendant argues that if plaintiff was prejudiced by the procurement error, only limited injunctive relief, if any, is warranted. *Id.* at 6–10. Defendant contends that the proper non-monetary relief here is a remand of this matter to the Navy for a new responsibility determination. *Id.* at 8–10.

---

1. The factual background of the bid protest is more fully set forth in *Impresa Construzioni Geom. Domenico Garufi v. United States,* 44 Fed. Cl. 540 (1999), *aff'd in part and rev'd in part,* 238

F.3d 1324 (Fed.Cir.2001), *on remand,* 44 Fed.Cl. 421 (1999).

2. JVC was not a party to this litigation.

Despite defendant's assertions to the contrary, the question of whether defendant's failure to conduct a reasonable responsibility determination prejudiced plaintiff is foreclosed on this remand. Implicit in the Federal Circuit's standing determination under the "substantial chance" doctrine together with this court's finding that the contracting officer's responsibility determination was unreasonable is the determination that the procurement error in this case prejudiced plaintiff. *See Impresa,* 238 F.3d at 1334; *Impresa,* 52 Fed.Cl. at 428. *See also Alfa Laval Separation, Inc. v. United States,* 175 F.3d 1365, 1367 (Fed.Cir.1999) (A protester must show that there was a "substantial chance" it would have received the contract award but for the procurement error.).

■ The plaintiff has succeeded on the merits of its case. The court turns to examine whether plaintiff has made the three additional showings necessary to obtain injunctive relief: (1) irreparable injury to plaintiff absent an injunction; (2) the balance of hardships favors granting the injunction; and (3) the public interest favors granting injunctive relief. *See Amoco Prod. Co. v. Village of Gambell,* 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987) (The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success.); *Tate Access Floors, Inc. v. Interface Architectural Resources, Inc.,* 279 F.3d 1357, 1362 (Fed.Cir. 2002); *CESC Plaza Ltd. Partnership v. United States,* 52 Fed.Cl. 91, 101 (2002). "No one factor is dispositive to the court's inquiry as 'the weakness of the showing regarding one factor may be overborne by the strength of the others.' " *Seattle Security Servs., Inc. v. United States,* 45 Fed.Cl. 560, 571 (2000) (quoting *FMC Corp. v. United States,* 3 F.3d 424, 427 (Fed.Cir.1993)).

■ In evaluating the irreparable injury factor, the court considers "whether plaintiff has an adequate remedy in the absence of an injunction." *Seattle Security Servs.,* 45 Fed. Cl. at 571 (quoting *Magellan Corp. v. United States,* 27 Fed.Cl. 446, 447 (1993)). Plaintiff complains that it has been "specifically preju-

diced, and financially harmed" by defendant's conduct of this procurement. Pl.'s Relief Stmt. at 1. Plaintiff states that "re-soliciting the contract and giving Garufi an opportunity to bid on the contract against legitimate competitors is the easiest, and fairest remedy under the laws of equity." *Id.* Plaintiff's position is supported by the case law.

■ Courts have found that the loss of an opportunity to compete on a level playing field for a contract is sufficient to establish irreparable harm. *See Seattle Security Servs.,* 45 Fed.Cl. at 571; *United Int'l Investigative Servs., Inc. v. United States,* 41 Fed. Cl. 312, 323 (1998); *Magnavox Elec. Sys. Co. v. United States,* 26 Cl.Ct. 1373, 1379 (1992); *Bean Dredging Corp. v. United States,* 22 Cl.Ct. 519, 524 (1991). Accordingly, the court finds that plaintiff has established that absent injunctive relief, it will suffer irreparable harm.

In examining the hardships accompanying the issuance of an injunction, the court must determine whether a balance of the harms militates in plaintiff's favor. The awarded contract here is an uncomplicated maintenance and service contract. Defendant's need for such services on the Navy base is ongoing. Although contract performance is currently underway, it appears to the court that, based on the nature of the services contract, any change of contractor that may be required by the issuance of an injunction can be accomplished without undue difficulty even though the change may produce a measure of inconvenience for defendant. Finding that the balance of harms militates in favor of granting an injunction, the court contemplates injunctive relief that will ensure the continued provision of maintenance and other services at the Sigonella base and minimize unnecessary disruptions during any transition resulting from the re-solicitation of the contract.

With respect to the public interest factor, the court is mindful that a procuring agency must be able to conduct its procurement function without excessive judicial infringement upon the agency's discretion. *See Aero Corp. v. United States,* 38 Fed.Cl. 237, 242 (1997). Nonetheless, "[i]t is beyond perad-

venture that the public interest in honest, open, and fair competition in the procurement process is compromised whenever an agency abuses its discretion in evaluating a contractor's bid." *Seattle Security Servs.*, 45 Fed.Cl. at 572. Based on defendant's conduct in this case and informed by the Federal Circuit's guidance to the court on remand, the court concludes that granting injunctive relief is consistent with the public interest.

For the reasons stated above, the court finds that plaintiff has satisfied the requirements for the issuance of an injunction in this case. Accordingly, it is ORDERED:

1. Defendant is enjoined from exercising its option on contract number N33191–98–D–1807. The current contract shall terminate on February 16, 2003.

2. Defendant shall re-solicit and award this contract as soon as practicable to permit performance of the contract to begin on February 17, 2003.

3. On or before August 2, 2002, the parties shall submit a stipulation of bid preparation and proposal costs.

IT IS SO ORDERED.