**Ronald J. HELFERTY, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 11–358C.**

United States Court of Federal Claims.

Oct. 24, 2011.

Raymond J. Toney, Woodland, California, for plaintiff.

John S. Groat, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Tony West, Assistant Attorney General, and Jeanne E. Davidson, Director, and Todd M. Hughes, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

In this military pay case, plaintiff, Ronald J. Helferty, seeks reinstatement in the Navy and back pay, contending that he was provided ineffective assistance of counsel in a disciplinary proceeding before an Administrative Discharge Board ("Discharge Board"). Compl. ¶¶ 1, 21, 29. As a result of those proceedings, he was discharged from the Navy. Compl. ¶¶ 24, 25. Mr. Helferty raised his claim of ineffective counsel before the Board for Correction of Naval Records ("Navy Correction Board"). Compl. ¶ 29. After convoluted proceedings that involved also a suit in the United States District Court for the District of Columbia, the Board denied relief. Compl. ¶¶ 32, 38, 43–46.

Mr. Helferty filed his complaint in this court on June 7, 2011. In lieu of an answer or motion for judgment on the administrative record before the Navy Correction Board, the government has filed a motion to remand the case to the Secretary of the Navy with explicit directions aimed at filling a conceded gap in the existing record caused by the Board's consideration of some relevant evidentiary materials on an *ex parte* basis. Def.'s Mot. for Remand ("Def.'s Mot.") at 1, 7–8. Mr. Helferty concurs that the case must be remanded but challenges aspects of the government's proposed directions attendant to an order of remand. Pl.'s Resp. to Def.'s Mot. to Remand ("Pl.'s Resp.").[1]

---

1. The administrative record before the Navy Cor-   rection Board has not been submitted by the

## BACKGROUND[2]

By June 2005, Mr. Helferty had served on active duty for over sixteen years in the Navy and was assigned as a Drug and Alcohol Counselor at the Naval Branch Health Clinic, Key West, Florida. Compl. ¶¶ 3, 12, 18. A positive urinalysis for benzoylecgonine, a cocaine metabolite, engendered charges against Mr. Helferty under Article 15 of the Uniform Code of Military Justice, 10 U.S.C. § 815. Compl. ¶¶ 13, 15–16, 20.[3] Mr. Helferty exercised his right to forego proceedings under Article 15 and demanded trial by court martial. Compl. ¶ 21; *see* 10 U.S.C. § 815(a) ("[P]unishment may not be imposed upon any member of the armed forces under this article if the member has, before the imposition of punishment, demanded trial by court-martial in lieu of such punishment."). Rather than convening a court martial, however, the Navy referred Mr. Helferty's charges to an Administrative Discharge Board. Compl. ¶ 21.

Before the Administrative Discharge Board, Mr. Helferty was represented by then-Lieutenant B. Vaughn Spencer, a Navy lawyer. Compl. ¶ 22. In preparation for the hearing before the Discharge Board, Lt. Spencer arranged for Mr. Helferty to take a polygraph examination performed by a qualified polygraphist from the local sheriff's office. Mr. Helferty passed. Compl. ¶ 22. At the hearing before the Discharge Board, Lt. Spencer called the polygraphist to testify. He also presented statements from two character witnesses who were members of Mr. Helferty's command, and he caused Mr. Helferty to make an unsworn statement at the conclusion of the hearing. Compl. ¶ 23. The

Administrative Discharge Board voted 3–0 to recommend that Mr. Helferty be separated from the Navy for misconduct and receive a general (under honorable conditions) discharge. The recommendations were adopted and confirmed by Mr. Helferty's command, and he was discharged on November 22, 2005. Compl. ¶¶ 24–25.

On October 24, 2006, Mr. Helferty filed an application with the Navy Correction Board, requesting reinstatement, service credit from the time of his separation, and back pay. Compl. ¶¶ 26–28. As grounds for relief, Mr. Helferty contended that the evidence showed he did not knowingly and willfully use cocaine and that he had been provided ineffective assistance of counsel. Compl. ¶ 29. In support, he submitted a chemical analysis of his urine sample prepared by Professor Delmar S. Larson, Department of Chemistry, University of California at Davis, the results of two polygraph examinations, scientific studies of false positive and negative urinalysis results, statements of colleagues, and observations and contentions related to the assistance his counsel had provided. Compl. ¶¶ 30–31. The Navy Correction Board denied relief on March 21, 2008. Compl. ¶ 32.

On November 6, 2008, Mr. Helferty filed an application for reconsideration. Compl. ¶ 35. That application was denied on November 25, 2008, as evidenced by a communication from Mr. W. Dean Pfeiffer, the Executive Director. Compl. ¶¶ 38–40. After further exchanges of communications between Mr. Helferty and Mr. Pfeiffer provided no change in result, Mr. Helferty filed

government. An appendix attached to the government's motion for remand provides documentary materials which constitute excerpts from the administrative record, for the purpose of illuminating the gap in that record. These documents also bear on the nature of the directions that might accompany a remand. Mr. Helferty has raised no objection to the court's consideration of these materials.

2. For purposes of resolving the pending motion the court presumes that the allegations in Mr. Helferty's complaint are true. The court has also drawn upon the excerpts from the administrative record before the Navy Correction Board, as provided in the appendix to the government's motion.

3. Article 15 provides for non-judicial punishment of a limited nature for relatively minor disciplinary offenses. *See* 10 U.S.C. § 815(b) ("[A] commanding officer may, in addition to or in lieu of admonition or reprimand, impose one or more of the following disciplinary punishments for minor offenses without the intervention of a court-martial—[listing punishments including correctional custody for not more than seven consecutive days, forfeiture of not more than seven days' pay, and extra duties for not more than 14 consecutive days].") Such punishments may be awarded by the pertinent commanding officer, *i.e.*, in the Navy, the officer in charge. *See* 10 U.S.C. § 801(4).

suit in the United States District Court for the District of Columbia, alleging that the Navy's action on his application for reconsideration was unlawful. Compl. ¶ 43. On May 15, 2009, the parties agreed to remand the case back to the Board, and the district court case was dismissed. Compl. ¶ 44.

On remand, the Navy Correction Board requested a series of advisory opinions to assist in its review. Compl. ¶ 45. Each of the responses to those requests was provided to Mr. Helferty, with the exception of a statement by now-Lieutenant Commander (formerly Lieutenant) Spencer relating to Mr. Helferty's claim of ineffective assistance of counsel. *See* Def.'s Mot. at 4. That statement was withheld from Mr. Helferty and his counsel on privacy grounds. *Id.* On December 16, 2009, the Board denied Mr. Helferty's application for reconsideration. *Id.* & App. at 1–14.

Mr. Helferty filed his complaint in this court on June 7, 2011. In lieu of an answer, the government filed its motion to remand. As part of the appendix to the motion, the government included Lieutenant Commander Spencer's statement that had been submitted on an *ex parte* basis to the Navy Correction Board, given that Lieutenant Commander Spencer had consented to the release and filing of his statement with this court. *See* Def.'s Mot. at 4 & App. at 16–20.

### Jurisdiction

The court has jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a). The money-mandating statute applicable to Mr. Helferty's claim is the Military Pay Act, 37 U.S.C. § 204(a). *See Martinez v. United States,* 333 F.3d 1295, 1303 (Fed.Cir.2003) (en banc); *see also Metz v. United States,* 466 F.3d 991, 995–98 (Fed.Cir.2006); *Holley v. United States,* 124 F.3d 1462, 1465–66 (Fed.Cir. 1997).

### Standard of Review

■ The court's role on review of a military correction board's decision is to determine whether the decision was "arbitrary, capricious, or not based on substantial evidence." *Chappell v. Wallace,* 462 U.S. 296, 303, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983); *see also Chambers v. United States,* 417 F.3d

1218, 1227 (Fed.Cir.2005). In accord with this deferential standard of review, the court does not "reweigh[ ] ... the evidence" but rather considers "whether *the conclusion being reviewed* is supported by substantial evidence." *Heisig v. United States,* 719 F.2d 1153, 1157 (Fed.Cir.1983). So long as the Board considered the relevant evidence and came to a reasonable conclusion, the court will not disturb the Board's decision. *See Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), *abrogated on other grounds by Califano v. Sanders,* 430 U.S. 99, 104–05, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Advanced Data Concepts, Inc. v. United States,* 216 F.3d 1054, 1058 (Fed.Cir.2000) (citing *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.,* 419 U.S. 281, 285, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974)).

### ANALYSIS

The government's motion to remand is predicated upon the factual circumstance that before the Navy Correction Board Mr. Helferty was given no access to Lieutenant Commander Spencer's statement regarding the legal assistance he had provided Mr. Helferty at the time of his disciplinary proceedings. Def.'s Mot. at 5. The government concedes that the Board erred in relying on that *ex parte* evidentiary communication in denying Mr. Helferty's application for reconsideration and relief. *Id.* at 7–8. The requested remand would allow Mr. Helferty to address before the Board his allegations that Lieutenant Commander Spencer provided ineffective assistance as his counsel during the disciplinary proceedings. *Id.* at 1. Mr. Helferty concurs that the matter should be remanded to the Board, but objects to the government's suggested directions for the remand that the Board might rely solely on written submissions to resolve the disputed issue about adequacy of representation. *See* Pl.'s Resp. at 1–2.

#### A. *Motion for Remand*

■ The government's motion avers that "[t]he argument for remand is compelling here, as Mr. Helferty's comments offered in response to LCDR Spencer's statement may be probative to Mr. Helferty's contention

that LCDR Spencer was ineffective [in representing Mr. Helferty in the disciplinary proceeding]." Def.'s Mot. at 8. The court agrees. Notably, the government observes that facts attendant to the representation are in dispute and that the credibility of the participants is key. As the government puts it, "[o]nly Mr. Helferty and LCDR Spencer know what transpired in their preparation for the A[dministrative] D[ischarge] B[oard] and Mr. Helferty should be provided an opportunity to comment upon what LCDR Spencer alleges occurred and the [Board] should consider those comments." *Id.*

In the circumstances, the motion for remand must be granted, and the matter has to be remanded to the Board for further proceedings. *See Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985); *Walls v. United States*, 582 F.3d 1358, 1367–68 (Fed.Cir. 2009); *Riser v. United States*, 93 Fed.Cl. 212, 217–18 (2010).

B. *Directions for the Remand Proceedings*

The government urges that the remand to the Secretary of the Navy be accompanied by the following directions:

(1) *to afford Mr. Helferty the opportunity to present in writing to the Board for the Correction of Naval Records* ("BCNR"), within 15 days of the Court's order, *a response to LCDR Vaughn Spencer's*, JAGC, USN, August 14, 2009 *statement regarding plaintiff's allegations of ineffective assistance of counsel against LCDR Spencer;*

(2) to seek any advisory opinions the BCNR deems necessary, if any, in order to issue its supplemental decision in this matter;

(3) to afford Mr. Helferty any relief that the BCNR determines that he is entitled to receive, if any, and to issue a decision explaining in detail the rationale supporting its final decision within 120 days of the Court's order.

Def.'s Mot. at 1 (emphasis added). In support of its suggestion that written submissions be the focus of the Board's remand proceedings, the government explains that the Navy Correction Board "is not an investigatory body." *Id.* at 5 (quoting Secretary of

the Navy Instruction ("SECNAVINST") 5420.193, Board for Correction of Naval Records, at encl. (1), § 2(b) (1997)); *see also* 32 C.F.R. § 723.1(b) (same). The government elaborates that the Board acts on a written record, *id.* at 5–6 (quoting SECNAVINST 5420.193 at encl. (3), ¶ 5), although it may cause documentary materials to be added by requesting advisory opinions, *id.* at 6 (citing SECNAVINST 5420.193 at encl. (3), ¶ 7). Those advisory opinions are considered by the Board "as it would any other evidentiary item [before it makes] an independent determination as to whether or not [the] request should be granted based on the total evidence o[f] record." *Id.* (first alteration in original) (quoting SECNAVINST 5420.193 at encl. (3), ¶ 7).

Mr. Helferty contests the proposed remand directions on the ground that the Navy Correction Board is not restricted to considering written submissions but rather may conduct hearings in which applicants personally appear. *See* Pl.'s Resp. at 2 (citing 32 C.F.R. § 723.4(a)). This regulation provides that "[i]n each case in which the Board determines a hearing is warranted, the applicant will be entitled to appear before the Board either in person or by counsel of his/her selection or in person with counsel." 32 C.F.R. § 723.4(a). The plain implication of this regulatory provision is that an applicant such as Mr. Helferty may appear before the Board in an appropriate case, either with or without counsel, to make a statement or to present argument. In addition, 32 C.F.R. § 723.4(d) allows the applicant to call witnesses: "The applicant will be permitted to present witnesses in his/her behalf at hearings before the Board." *See also* 32 C.F.R. § 723.4(b) (The applicant must disclose the "names of such witnesses as he/she intends to call."). Lastly, SECNAVINST 5420.193 encl. (3), ¶ 8, provides: "Should the panel vote to hold a formal hearing the [Board] staff will provide you [*i.e.*, the applicant] written notice of the time and place of the hearing. You will also be provided with detailed instructions as to the manner in which the hearing will be conducted."

The ability to call witnesses and to cross-examine adverse witnesses is the key point in

dispute regarding the remand directions to be issued pursuant to Rule 52.2(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). That rule specifies that "[a]n order remanding a case must: (A) include such direction as the court deems proper and just...." Here, because facts are in dispute and credibility is at issue regarding the adequacy of Mr. Helferty's representation at the disciplinary hearing that led to his discharge, the court ordinarily would require that an evidentiary hearing be conducted at which percipient witnesses may testify and be cross-examined.[4] Nonetheless, because the Board is seized with jurisdiction over Mr. Helferty's claims,[5] the salient question is the extent to which the court may cause the Board to have an evidentiary hearing be conducted.

The government in its reply emphasizes that, by statute, corrections to military records "shall be made under procedures established by the Secretary [c]oncerned." Def.'s Reply at 2 (quoting 10 U.S.C. § 1552(a)(3)) (internal quotation marks omitted). The government then points to the discretionary nature of the procedures specified in 32 C.F.R. § 723.4(a) relating to whether a personal appearance should be granted in connection with adjudication of an application for relief. *Id.* at 2–3 (citing *Flute v. United States,* 535 F.2d 624, 628 (Ct.Cl.1976) (holding that the Air Force Board for Correction of Military Records had not acted arbitrarily in denying an application for review of a court-martial conviction without a hearing); *Renicker v. United States,* 17 Cl.Ct. 611, 617 (1989) (concluding that an applicant for relief before the Army Board for Correction of Military Records had not shown "that the documentation supporting the application required his personal appearance before the board")).

The government is correct that the correction boards enjoy wide discretion as to their procedures, but that discretion is not unbounded. Both of the cited precedents, *Flute* and *Renicker,* take strong account of the procedural discretion accorded correction boards in carrying out their responsibilities, but they also evaluate whether that discretion was exercised in an arbitrary way in the particular cases at issue.

■ Accordingly, the court will not in its remand directions to the Secretary of the Navy specify any particular procedures that the Navy Correction Board must employ in addressing Mr. Helferty's claim of ineffective assistance of counsel. What this means in practical terms, however, is that the court rejects both the government's and Mr. Helferty's positions on the procedures to be followed on remand. The court specifically rejects the government's view that Mr. Helferty would have the opportunity to present only written submissions to the Navy Correction Board, just as it does not adopt Mr. Helferty's contention that a personal appearance and the ability to call witnesses are

---

4. Factually, this case is very similar to the circumstances at issue in *Tippett v. United States,* 185 F.3d 1250 (Fed.Cir.1999), *abrogation in part recognized in Metz,* 466 F.3d at 997, and in *Metz.* Prior to the Federal Circuit's decision in *Fisher v. United States,* 402 F.3d 1167, 1172–73 (Fed.Cir. 2005) (en banc portion), the court of appeals and this court treated the voluntariness of certain military separations as jurisdictional, and this court held evidentiary hearings on whether the separated military member seeking relief received ineffective assistance of counsel. *See Tippett,* 185 F.3d at 1255; *Tippett v. United States,* 28 Fed.Appx. 942, 943–44 (Fed.Cir.2001) (unpublished); *Metz v. United States,* 61 Fed.Cl. 154 (2004), *rev'd,* 466 F.3d 991. However, after *Fisher,* questions of voluntariness and the attendant issues of effectiveness of representation were treated not as an aspect of subject matter jurisdiction but rather as questions involving the merits. *See Metz,* 466 F.3d at 995–98.

5. Mr. Helferty was not obligated to raise his claim first before a correction board but instead could have filed suit directly in this court. *See Martinez v. United States,* 333 F.3d at 1303–04 ("[S]ince their creation, the correction boards have been regarded as a permissive administrative remedy and ... an application to a correction board is therefore not a mandatory prerequisite to filing a Tucker Act suit challenging discharge.") (citations omitted). In the event of an initial suit in this court, the court would consider the claims *de novo.* However, once Mr. Helferty sought relief before the Navy Correction Board, he was *required to present* all of his claims to the Board or they would be waived. *See Metz,* 466 F.3d at 999. Correspondingly, because Mr. Helferty did submit his claim of ineffective assistance of counsel to the Board, that adjudicatory entity retains primary jurisdiction over the claim.

required. The Board may shape its own procedures to fit the circumstances at hand.

## CONCLUSION

The government's motion to remand this matter to the Secretary of the Navy is GRANTED, such that the Board for Correction of Naval Records may consider afresh Mr. Helferty's claim that he was provided ineffective assistance of counsel at the disciplinary board proceeding which resulted in his discharge. The Board shall provide adequate procedures of its devising to find facts and make credibility determinations. In that regard, the Board may, if it wishes, refer the matter to a hearing officer for initial determinations. The Board may also seek any other advisory opinions that it deems necessary and shall issue a supplemental decision on Mr. Helferty's claim.

The matter is remanded for a period of six months, and proceedings in this court are stayed during the period of the remand. *See* RCFC 52.2(b)(1)(B), (C). The court requests that the government provide status reports every 90 days regarding the progress of the remand. *See* RCFC 52.2(b)(1)(D).

It is so ORDERED.