CERES ENVIRONMENTAL SERVICES, INC., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 02–125C.

United States Court of Federal Claims.

March 15, 2002.

**24**

Karl Frederick Dix, for plaintiff.

Brent M. McBurney, Washington, DC, with whom was Assistant Attorney General Robert D. McCallum, Jr., for defendant.

## OPINION

MEROW, Judge.

This is a pre-award bid protest in which plaintiff, Ceres Environmental Services, Inc. ("Ceres"), a Minnesota corporation, objects to solicitation number NRCS–3–OK–02, issued by the United States Department of Agriculture's ("USDA") Oklahoma Office of the Natural Resources Conservation Service ("NRCS"). This solicitation is one of several for ice storm debris removal work in a number of Oklahoma counties. Specifically, this solicitation is entirely set aside for small businesses and seeks bids for ice storm debris removal in Johnston County, Oklahoma. The solicitation was issued on January 11, 2002 and the bids are currently scheduled to be opened on March 18, 2002.

Ceres' main objection is addressed to the February 6, 2002 decision, issued by the Small Business Administration Office of Hearing Appeals ("SBA–OHA"), which affirmed the decision by the Contracting Officer ("CO") to change the North American Industry Classification System ("NAICS") classification code for this type of contract from a "construction" code, NAICS 234990 (All Other Heavy Construction), to a "service" code, NAICS 562119 (Other Waste Collection). Ceres asserts that previous contracts for similar work in other Oklahoma counties were classified under NAICS code 234990 (All Other Heavy Construction) and that the CO did not offer any explanation for the change. Accordingly, Ceres argues that the SBA–OHA decision is arbitrary and capricious because it affirmed the CO's unexplained amendment to this type of contract. Ceres suggests that the SBA–OHA's rationale for affirming the CO's decision was inadequate. Further, plaintiff asserts the SBA–OHA decision violates both the Competition in Contracting Act as well as the Small Business Act because the changed solicitation requirement unduly restricts competition.

The matter is currently before the court on the parties' cross-motions for summary judgment on the merits of the NAICS classification code controversy. In addition, the parties have each moved to supplement the record before the SBA–OHA (administrative record) and have also moved to strike the supplementation sought by each opposing party. For the reasons stated below, the SBA–OHA decision affirming the CO's NAICS code determination is vacated as arbitrary, capricious and not in accordance with established SBA–OHA legal precedent. The NAICS code controversy is returned for appropriate action in accordance with this decision as well as the SBA–OHA's own precedential opinions.

Accordingly, plaintiff's motion for judgment upon the administrative record, to the extent that it seeks declaratory relief invalidating SBA–OHA Decision No. NAICS–4472, issued in this matter on February 6, 2002, is granted. All other relief sought by Ceres, in its motion for judgment upon the administrative record, including plaintiff's request for injunctive relief, is denied. Defendant's motion for judgment upon the administrative record is denied. It is further determined that the parties' motions to supplement the administrative record, and the corresponding motions to strike the materials presented in those motions from the administrative record, are rendered moot by this determination upon the merits and are denied. Defendant's Motion for Leave to File a Telecopied Signature of the Contracting Officer's Affidavit is also moot and therefore denied.

## BACKGROUND

### Statutory and Regulatory Framework

Pursuant to the Competition in Contracting Act ("CICA"), the government is required to specify its needs and solicit proposals in a manner "designed to achieve full and open competition for the procurement." 10 U.S.C. § 2305(a)(1)(A)(i). Under the provisions of the CICA, Congress has allowed for procedures which are "other than competitive." *Cubic Defense Sys., Inc. v. United States,* 45 Fed.Cl. 239, 254 (1999), *dismissed by,* 230 F.3d 1375 (1999) (by agreement of the parties). Specifically, CICA allows procurement of property or services "using competitive procedures but excluding concerns other than small business concerns in furtherance of sections 9 and 15 of the Small Business Act (15 U.S.C. § 638, 644)." 10 U.S.C. § 2304(b)(2).

The Small Business Act expressly provides that in the government procurement arena certain contracts are to be reserved for small business concerns. 15 U.S.C. § 644(j). Pursuant to the Small Business Act, Congress has conferred responsibility for establishing which entities qualify as small business concerns, as well for making particular size assessments, upon the Small Business Administration ("SBA"). 15 U.S.C. § 637(b)(6).

The implementing regulations promulgated by the SBA establish applicable size standards on the basis of the NAICS codes, each of which describes a particular economic activity or industry and then specifies the maximum number of employees or annual receipts that a concern (and its affiliates) within that sector can have and still be considered a small business concern. 13 C.F.R. § 121.201 (2001).[1] The NAICS codes correspond to the principal purpose of the product or services being sought as well as the economic characteristics comprising the structure of an industry. 13 C.F.R. §§ 121.102; 121.402.

The SBA regulations grant the CO the authority to designate the correct NAICS code and size standard in a solicitation. 13 C.F.R. § 121.402(b). The CO is authorized to select the NAICS code which best describes the principal purpose of the product or service being acquired. *Id.;* 48 C.F.R. § 19.303(a).[2] In making this determination, primary consideration is given to the industry description in the NAICS United States Manual ("NAICS Manual"), the product or service description in the solicitation and any attachments to it, the relative value and importance of the components of the procurement making up the end item being procured, and the function of the goods or services being purchased. 13 C.F.R. § 121.402(b). Other considerations include previous Government procurement classifications of the same or similar products or services, and the classification which would best serve the purposes of the Small Business Act. *Id.*

### Facts

In winter, the state of Oklahoma suffers severe ice storms which leave creeks and waterways littered with fallen trees, broken tree limbs, brush and other debris. This debris can obstruct and cause damming of the waterways which may in turn increase the likelihood of flooding. In order to reduce this risk, the NRCS has issued contracts for cleanup and removal of ice storm debris in counties in Oklahoma where there are affected waterways.

### 1. Early Solicitations

Five of the solicitations for debris removal in other Oklahoma counties issued since February 6, 2001, have been entirely set aside for small businesses and at least two of those solicitations, specifically in Leflore and Seminole Counties, definitively stated that the applicable NAICS code was 234990 (All Other Heavy Construction). Administrative Record ("AR") 123–36; 234–47. The definition of work included under this designation as stated in the NAICS Manual is:

**234990 All Other Heavy Construction**

This industry comprises: (1) establishments primarily responsible for the entire

---

1. The 2001 version of the Code of Federal Regulations is relied upon unless otherwise indicated.

2. References to the Federal Acquisition Regulation set forth in Title 48 the Code of Federal Regulations shall be abbreviated as "FAR."

construction (i.e., new work, reconstruction or repairs) of heavy nonbuilding construction projects (except highway, street, bridge, tunnel water lines, sewer lines, pipelines, power and communication transmission lines, and industrial nonbuilding structures); (2) establishments identified as all other heavy construction management firms; (3) establishments primarily engaged in construction equipment rental with an operator; and (4) establishments identified as special trade contractors engaged in activities related primarily to all other heavy construction. Typical projects constructed by establishments in this industry include athletic fields, dams, dikes, docks, drainage projects, golf courses, harbors, parks, reservoirs, canals, sewage treatment plants, water treatment plants, hydroelectric plants, subways and other mass transit projects. Establishments in this industry may subcontract some or all of the actual construction work. Kinds of establishments include heavy construction general contractors, design builders, engineer-constructors, and joint-venture contractors.

AR 121; 232. NAICS code 234990 limits the pool of offerors who may be awarded a contract to those with average annual receipts for the preceding three fiscal years which amount to less than $28.5 million.[3]

However, on January 7, 2002, a Contract Solicitation was issued, for ice storm debris removal in Murray County, Oklahoma, which specified NAICS code 562119 (Other Waste Collection). AR 204. The definition of work included under this designation as stated in the NAICS Manual is:

**562119   Other Waste Collection**

This U.S. industry comprises establishments primarily engaged in collecting and/or hauling waste (except nonhazardous solid waste and hazardous waste) within a local area. Establishments engaged in brush or rubble removal services are included in this industry.

AR 122; 233. NAICS code 562119 limits the pool of offerors who may be awarded this work to those with average annual receipts for the preceding three fiscal years which amount to less than $10.5 million.[4]

The statement of work in the solicitation was nearly identical to that contained in earlier debris removal contracts, issued pursuant to NAICS 234990 (All Other Heavy Construction). AR 128; 135; 296. However, the change in the industrial code designation for the solicitation for ice storm debris removal work in Murray County, to NAICS 562119 (Other Waste Collection) impacted this type of contract in several ways. First, the contracts for debris removal, which had previously been identified as "construction" contracts were now classified as "services" contracts. AR 121–22; 232–33. In addition, the size standard for potential offerors was reduced by $18 million dollars, from $28.5 million to $10.5 million. The CO did not explain the decision to assign a new NAICS code to contracts with similar statements of work.

### 2. Appeal Procedure

Any person adversely affected by a size determination may appeal the CO's NAICS code decision to the SBA–OHA. 13 C.F.R. § 134.302. There is no required format for an appeal petition. 13 C.F.R. § 134.505. In order to avail itself of the SBA–OHA's review, the protestor need only comply with the regulations set forth regarding time, content, and proper service of the appeal petition. 13 C.F.R. §§ 134.305; 134.311.

Upon receipt of a NAICS code appeal, SBA–OHA will notify the CO by a notice and

---

3. The parties assert the size standard is $27.5 million but the most recent information available from the SBA provides a size standard of $28.5 million for NAICS 234990 (All Other Heavy Construction). *See* SIC Codes and Their Size Standards Matched to Their Corresponding NAICS Codes and Their Size Standards at *www.sba.gov/size/SIC2NAICSmain.html* ("*U.S. Small Business Administration SIC to NAICS Correspondence Table* ").

4. The parties assert the size standard for NAICS 562119 (Other Waste Collection) is $10 million but the most recent information available from the SBA provides a size standard of $10.5 million. *See U.S. Small Business Administration SIC to NAICS Correspondence Table.*

order. FAR 19.303(c)(4). The CO must immediately send a copy of the solicitation relating to the NAICS code appeal to SBA–OHA. FAR 19.303(c)(4); 13 C.F.R. § 134.306. The CO may, but is not required to, respond to the appeal by submitting argument and evidence. FAR 19.303(c)(4). Neither discovery nor oral hearings are permitted in appeals from NAICS code designations. 13 C.F.R. §§ 134.310; 134.311.

The standard of review employed by the SBA–OHA upon appeal is whether the CO's NAICS[5] code designation was based on clear error of fact or law. 13 C.F.R. § 134.314. The SBA–OHA's decision is the final decision of the SBA and becomes effective upon issuance. 13 C.F.R. § 134.316(b).[6]

### 3. *Ceres I Appeal*

On January 11, 2002, Ceres appealed, to the SBA–OHA, the CO's selection of NAICS 562119 (Other Waste Collection) for Solicitation No. NRCS-2-OK-02, for ice storm debris removal in Murray County, Oklahoma. Ceres asserted that the appropriate NAICS code for the procurement was NAICS 234990 (All Other Heavy Construction). AR 204; 213–17. On January 14, 2002, the SBA–OHA issued a Notice of Appeal. AR 209–10; 13 C.F.R. § 134.306; FAR 19.303(c)(4). The CO did not submit any argument or evidence. AR 205.

In its appeal petition, Ceres specifically argued that the ice storm debris removal work was construction work and not merely a services type procurement for waste and debris removal. AR 204; 213–17. Ceres offered evidence of the type of equipment required and asserted that a close examination of the statement of work revealed that identical language in the Statement of Work had previously been classified as NAICS 234990 (All Other Heavy Construction). AR 213–17. Moreover, Ceres relied upon a prior SBA–OHA decision, *M.P. Environmental Servs., Inc.*, SBA No. 3950 (SBA OHA 1994) for the proposition that the classification of the solicitation as NAICS 562119 (Other Waste Collection) was incorrect because something more than merely brush removal was required by the contract. AR 216. On January 30, 2002, in a decision identified as SBA No. NAICS-4471 ("Ceres I"), the SBA–OHA Administrative Judge denied Ceres' protest and determined that NAICS code 562119 (Other Waste Collection) is appropriate for the procurement in Murray County Oklahoma. AR 202–06. That decision stated in relevant part:

\* \* \*

Following the Small Business Administration's (SBA) October 1, 2000, conversion to the 6-digit NAICS codes as the basis for the SBA's small business size standards, SIC [Standard Industrial Classification] code appeals are now known as NAICS code appeals. *NAICS Appeal of Phoenix Scientific Corporation*, SBA No. NAICS-4416 (2000). Where appropriate, the case precedent of this Office, decided under the prior SIC system, will apply to NAICS code appeals. *Id.*

In a NAICS code appeal, Appellant has the burden of proof, by a preponderance of the evidence, to show error in the CO's NAICS[ ] code designation. *SIC Appeal of Four Winds Services, Inc.*, SBA No. SIC-4407 (2000). The correct NAICS code is

---

**5.** The text of 13 C.F.R. § 134.314 actually refers to the NAICS code as the SIC code. Effective October 1, 2000, the NAICS replaced the Standard Industrial Classification ("SIC") system as the basis for the SBA's small business standards. 65 Fed.Reg. 53533 (Sept. 5, 2000) (amending 13 C.F.R. § 121.101). Although the SBA has amended 13 C.F.R. 121 *et. seq.* to convert its references to the SIC and the SIC codes to the NAICS, the SBA has not yet made the conforming amendments to 13 C.F.R. Part 134 *et. seq.* However, the regulations set forth at 13 C.F.R. Part 134 *et. seq.* have not been rescinded or repealed. Thus, in accord with the continued application of 13 C.F.R. Part 134 *et. seq.* by the SBA, judicial notice is taken of the fact that the NAICS code system has superceded the SIC code system and that the regulations which previously applied to SIC code appeals now apply to NAICS code appeals. *See e.g. Phoenix Scientific Corp.*, SBA No. NAICS-4416 (SBA–OHA 2000).

**6.** If received by the CO before the date offers are due, the solicitation must be amended to reflect the SBA's final decision. FAR 19.303(c)(5). If however, the SBA–OHA's decision is received after the due date of the initial offers, the decision shall not apply to the pending solicitation but shall apply to future solicitations of the same products or services. FAR 19.303(c)(5).

that which best describes the principal purpose of the services being procured, in light of the industry description in the *NAICS Manual.*[ ]

The *NAICS Manual* lists the following services for NAICS code 562119 assigned by the CO:

This U.S. industry comprises establishments primarily engaged in the collecting and/or hauling waste (except nonhazardous solid waste and hazardous waste) within a local area. Establishments engaged in brush or rubble removal services are included in this industry, [sic]

*NAICS Manual* at 613. Examples of this type of work are brush hauling, dump trucking of rubble or brush, with collection or disposal, rubble removal services, and waste collection services.[ ]

Here, the procurement's only purpose is ice storm debris removal, and it encompasses brush and rubble removal, hauling, and disposal. Thus, it falls squarely within NAICS code 562119. Although this procurement requires use of heavy earth-moving equipment, hauling the debris, and clearing, leveling, grading, and compacting the site, the tasks which also fall under NAICS code 234990, the primary thrust of the procurement is not construction work, as encompassed by NAICS code 234990, and advocated by Appellant, but debris and waste removal. Such work requires heavy equipment, but is not construction work, because nothing is being constructed. Thus, the CO's choice of NAICS code 562119, is a more appropriate designation for this procurement.

Finally, Appellant's reliance on *M.P. Environmental* [*Services, Inc.,* SBA No. SIC 3950 (1994) ] . . . is misplaced. The statement of work there called for collection and disposal of oily waste from ships. This is totally different from the Statement of Work in the instant case. Therefore, Appellant, who has the burden of proof, has not pointed to any applicable case precedent nor other support for the NAICS code it advocates.

The Administrative Judge concludes NAICS code 562119 is appropriate for the instant procurement because the Statement of Work most closely requires the type of services described for that classification in the *NAICS Manual.*

### Conclusion

The Contracting Officer's designation is AFFIRMED, and the appeal is DENIED. This is the Small Business Administration's final decision. 13 C.F.R. § 134.316(b).

\* \* \*

AR 205–06.

### 4. *Issuance of the Instant Solicitation*

Meanwhile, on January 11, 2002, NRCS issued the solicitation which constitutes the matter at issue before the court, Contract Solicitation Number NRCS–3–OK–02 which seeks offers for ice storm debris removal in Johnston County, Oklahoma. AR 103. This Solicitation was advertised in FedBizOpps, and, like the earlier solicitation for debris removal work in Murray County, it sought offers under NAICS code 562119 (Other Waste Collection). AR 103; 304–06.

### 5. *Ceres II Appeal*

On January 18, 2002, Ceres appealed the CO's NAICS code designation for Solicitation No. NRCS–3–OK–02, covering ice storm debris removal in Johnston County, Oklahoma. AR 113–36. In its appeal, Ceres incorporated by reference the arguments it had made in the *Ceres I* protest regarding the solicitation for work in Murray County, Oklahoma, identified as SBA No. NAICS–4471. AR 114. As in the earlier protest, Ceres relied upon the SBA–OHA's prior determination in *M.P. Environmental Services, Inc.,* and argued that the necessity for heavy equipment at the work site demonstrates that the solicitation sought something more than "just brush [removal]." AR 116. Specifically, Ceres argued:

In this case . . . the proper NAICS code designation for the solicitation is 234990 "All Other Heavy Construction." The work requires the use of heavy equipment to cut debris, remove embedded material, place earth fill, shape embankments and

[redacted] 

perform other construction related work. NAICS Code 562119 "Other Waste Collection" is not the proper code for this procurement as the primary services required by the scope of work is not hauling and the collection of loose debris.

AR 116.

On January 22, 2002, the SBA–OHA issued a Notice of Appeal which sought the CO's submission of the solicitation and allowed the CO to introduce argument and evidence in support of the appeal. AR 110–12; 13 C.F.R. § 134.306; FAR 19.303(c)(4). The CO responded by completing the questionnaire provided by the SBA–OHA but did not submit any additional argument or evidence. AR 104, 109; FAR 19.303(c)(4).

On February 6, 2002, in a decision identified as SBA No. NAICS–4472 ("*Ceres II*"), the SBA–OHA Administrative Judge denied Ceres' protest and determined that NAICS code 562119 (Other Waste Collection) is appropriate for the procurement in Johnston County Oklahoma. AR 102–06. That decision is essentially identical to that issued in *Ceres I* and states in relevant part:

* * *

> Following the Small Business Administration's (SBA) October 1, 2000, conversion to the 6-digit NAICS codes as the basis for the SBA's small business size standards, SIC code appeals are now known as NAICS code appeals. *NAICS Appeal of Phoenix Scientific Corporation,* SBA No. NAICS–4416 (2000). Where appropriate, the case precedent of this Office, decided under the prior SIC system, will apply to NAICS code appeals. *Id.*
>
> In a NAICS code appeal, Appellant has the burden of proof, by a preponderance of the evidence, to show error in the CO's NAICS [ ]code designation. *SIC Appeal of Four Winds Services, Inc.,* SBA No. SIC–4407 (2000). The correct NAICS code is that which best describes the principal purpose of the services being procured, in light of the industry description in the *NAICS Manual.* [ ]
>
> The *NAICS Manual* lists the following services for NAICS code 562119 assigned by the CO:
>
> > This U.S. industry comprises establishments primarily engaged in the collecting and/or hauling waste (except nonhazardous solid waste and hazardous waste) within a local area. Establishments engaged in brush or rubble removal services are included in this industry, [sic]
>
> *NAICS Manual* at 613. Examples of this type of work are brush hauling, dump trucking of rubble or brush, with collection or disposal, rubble removal services, and waste collection services.[ ]
>
> In *Ceres I,* this Office concluded that the purpose of the procurement in that case was ice storm debris removal, and it encompassed brush and rubble removal, hauling, and disposal. Thus, it fell squarely within NAICS code 562119.
>
> Here, the case for NAICS code 562119 is even more persuasive. The instant solicitation does not specifically call for a great deal of heavy equipment, and the Statement of Work clearly requires merely the pickup, removal and disposal of brush, debris and rubbish. It does not contemplate construction work of any kind. [ ]
>
> Finally, as noted in *Ceres I,* Appellant's reliance on *M.P. Environmental, supra,* is misplaced. The statement of work there called for collection and disposal of oily wastes from ships. This is totally different from the statement of work in the instant case. Therefore, Appellant, who has the burden of proof, has not pointed to any applicable case precedent nor other support for the NAICS code it advocates.
>
> The Administrative Judge concludes NAICS code 562119 is appropriate for the instant procurement because the Statement of Work most closely requires the type of services described for that classification in the *NAICS Manual.*
>
> *Conclusion*
>
> The Contracting Officer's designation is AFFIRMED, and the appeal is DENIED.
>
> This is the Small Business Administration's final decision. 13 C.F.R. § 134.316(b).

* * *

AR 105–06.

### 6. Appeal of Ceres II to the Court of Federal Claims

On February 14, 2002, plaintiff filed a Verified Complaint for Declaratory and Injunctive Relief. Plaintiff seeks an injunction enjoining defendant from receiving proposals on Contract Solicitation Number NRCS–3–OK–02, as well as a declaration that the SBA's decision affirming the CO's NAICS code assignment was arbitrary and capricious and contrary to law and that Ceres is entitled to contract award as well as equitable relief. During a conference call on February 15, 2002, government counsel reported that the NRCS had agreed to defer the due date for bids for a brief period. By Order dated February 15, 2002, defendant was directed to provide five days advance notice if the NRCS decided to proceed with bid opening. To date, defendant has not provided such notice and so it has not been necessary to rule on plaintiff's request for a preliminary injunction.

### 7. The Administrative Record

On February 20, 2002, defendant submitted an "administrative record." Cross motions for summary judgment were subsequently filed.

Annexed to Plaintiff's Motion for Summary Judgment, filed on February 26, 2002, was the affidavit of Mr. David Preus, Project Manager for Ceres and an exhibit depicting a commercial tub grinder that Ceres purportedly uses on debris removal contracts. By Order dated February 27, 2002, it was noted that the affidavit, inclusive of its attachment, was not included in the record before the SBA–OHA and therefore the submission of that document in this court might be considered a supplementation to the administrative record. In the absence of a stipulation, or defendant's response, a ruling on the issue of any addition(s) to the administrative record was reserved.

On March 4, 2002, the government filed Defendant's Motion to Strike Affidavit of David Preus on the basis that the affidavit does not fill in gaps in the record. Moreover, defendant stated that "the proper course is to supplement the record with affidavits from *agency* personnel explaining their decision." (emphasis in original). Defendant further argues that Mr. Preus' affidavit does not explain the agency's decision-making process.

On March 8, 2002, plaintiff filed its response to the government's opposition and asserted that the information provided in the affidavit and accompanying attachment was publicly available on the internet and were offered by way of explanation of the references in the solicitation to type of equipment required to complete the contract.

The issue of the scope of this court's review and the question of whether the review of the SBA–OHA's decision properly required the CO's decision-making process, were discussed in the telephonic conference held on February 15, 2002. *See* Order dated February 15, 2002. Accordingly, the issue of the scope of the record on review was left open for later argument. *See e.g., Impresa Construzioni Geom. Domenico Garufi v. United States,* 238 F.3d 1324, 1333 (Fed.Cir. 2001).

On March 4, 2002, the government filed a Motion for Leave to Supplement the Administrative Record with documents culled from the CO's files. On March 8, 2002, defendant submitted additional documents from the CO's files and submitted an affidavit from the Contracting Officer along with a Motion for Leave to File the Contracting Officer's Affidavit with a Telecopied Signature and to Supplement the Record.[7] The CO's affidavit was tendered to explain the documents submitted from the CO's files. Specifically, the CO stated that the event which first caused him to question his NAICS code assignment for the debris removal contracts was a size protest against an award for ice storm debris removal which was awarded pursuant to NA-

---

**7.** On March 11, 2002, defendant filed Defendant's Notice of Filing of Original Signature of Contracting Officer. That document has not

been filed because the motion to file it without the original signature is pending.

ICS 234990 (All Other Heavy Construction).[8] AR 125; 236; 15 U.S.C. § 637(b); 13 C.F.R. § 121 .1001(a)(1); 13 C.F.R. § 121.1005; FAR 19.302. The protester in that size protest gratuitously suggested that the company awarded the contract would not have been eligible for award pursuant to NAICS code 562119. In his affidavit the CO asserted that as a result of this earlier size protest he subsequently sought advice and determined it would be appropriate to amend the NAICS code designation for debris removal contracts from NAICS 234990 (All Other Heavy Construction) to NAICS 562119 (Other Waste Collection).[9]

Plaintiff opposed the supplementation of the administrative record with the CO's files and the CO's affidavit with two documents styled as motions to strike each of defendant's motions for leave to supplement the administrative record. Each of these two motions filed by plaintiff argue that the court should not permit defendant to supplement the record because the CO previously had the opportunity to provide his explanation to the SBA–OHA but elected not to do so. FAR 19.303(c)(4). Because the CO elected not to provide this information to the SBA–OHA, Ceres argues that this court should not permit the supplementation of the record with information that the CO purposefully withheld from the SBA–OHA.

In conjunction with plaintiff's motions to strike defendant's proposed supplemental materials, Ceres submitted another document in support of its assertion that the correct NAICS code for the solicitation at issue was NAICS 234990 (All Other Heavy Construction). Specifically, plaintiff annexed a cover page from a solicitation for debris removal in North Carolina to its moving papers. Ceres has not sought permission to supplement the administrative record with this document and the government has not filed any opposition to the submission of this item. However, this exhibit must also be treated as a proposed supplement to the administrative record.

As noted above, cross-motions for judgment upon the administrative record were filed in this matter pursuant to Rule 56.1 of the Rules of the Court of Federal Claims ("RCFC"). The central issue addressed in the briefs is whether the administrative record supports the SBA–OHA's February 6, 2002, determination that the CO was correct in classifying the solicitation for ice storm debris removal in Johnston County pursuant to NAICS code 562119 (Other Waste Collection).

Oral argument was held on March 11, 2002.

## DISCUSSION

### Jurisdiction and Standing

■ Pursuant to the Tucker Act, as amended by the Administrative Dispute Resolution Act 1996, Pub.L. No. 104–320 § 12, 110 Stat. 3870, 3874–75 (1996), this court has jurisdiction "to render judgment on an action by an interested party objecting to ... the award of a contract or any alleged violation of statute or regulation in connection with a procurement." 28 U.S.C. § 1491(b)(1).

As a preliminary matter, although this court has jurisdiction to entertain plaintiff's pre-award bid protest claim pursuant to 28 U.S.C. § 1491(b)(1), it would not have juris-

---

8. Coincidentally, that protest was leveled against Ceres, plaintiff in this action, which was found to have been properly awarded Solicitation No. NRCD–30–OK–01, for work in Seminole County, Oklahoma, under the size standard enunciated by NAICS 234990 (All Other Heavy Construction).

9. The letters and notes identified as being part of the CO's file were submitted in support of this recitation. It is noted that the balance of the documents are post hoc rationalizations for the CO's determination, having been created after the solicitation was issued on January 11, 2002. *See Citizens to Preserve Overton Park, Inc. v.*

*Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971) (cautioning courts against allowing post hoc rationalization to explain agency's action because APA review is confined to the "whole record" before the agency at the time the agency made its decision); *Informatics Corp. v. United States,* 40 Fed.Cl. 508, 519 (1998) (determining that defendant's justifications for agency decision amounted to post hoc rationalizations); *ATA Defense Indus., Inc. v. United States,* 38 Fed.Cl. 489, 502 (1997) (determining that defendant's argument was a post hoc rationalization by government counsel which did not represent any decision actually made by CO).

diction based upon several grounds suggested by plaintiff. First, under the 1996 amendments to the Tucker Act, section 1491(a)(3) was repealed. This court's injunctive jurisdiction no longer depends upon whether a contract of fair dealing was breached. *RAMCOR Servs. Group, Inc. v. United States,* 185 F.3d 1286, 1289 (Fed.Cir.1999); *Ryan Co. v. United States,* 43 Fed.Cl. 646, 656 (1999). Second, there is no basis for plaintiff's assertions that the court has authority to grant the equitable relief sought in this matter pursuant to 28 U.S.C. § 1346, 28 U.S.C. § 2201 or 28 U.S.C. § 2202. *Taylor v. United States,* 49 Fed.Cl. 598, 606 (2001); *Froudi v. United States,* 22 Cl.Ct. 290, 295 (1991). Third, plaintiff correctly recites the standard of review for bid protest matters in this court, noting that the court is directed to "review the agency's decision pursuant to the standards set forth in [the Administrative Procedures Act ('APA') codified at] section 706 of title 5." 28 U.S.C. § 1491(b)(4); *see also Impresa,* 238 F.3d at 1338; *Automated Communication Sys., Inc. v. United States,* 49 Fed.Cl. 570, 575 (2001). However, notwithstanding plaintiff's assertion to the contrary, it is well established that the "judicial review provisions of the APA are not jurisdictional." *Emery Worldwide Airlines, Inc. v. United States,* 264 F.3d 1071, 1085 (Fed. Cir.2001) (*citing Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)). Accordingly, there would be no basis for review of Ceres' pleading under any of the additional authorities proposed by plaintiff.

Plaintiff asserts that it is an "interested party" for purposes of bringing an action in this court pursuant to the Tucker Act pursuant to the APA. Defendant does not contest this assertion. The court has a duty to ascertain its own jurisdiction before proceeding to the merits. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

As stated above, the court's jurisdiction over this matter is asserted pursuant to the provisions set forth at 28 U.S.C. § 1491(b)(1), which expressly requires that a plaintiff in a bid protest action be an "interested party." Although that term is not specifically defined, the Federal Circuit has determined that in the context of bid protest matters, this court must interpret the term "interested party" consistent with the definition enunciated in the Competition in Contracting Act ("CICA"), 31 U.S.C. § 3551(2). *Myers Investigative and Sec. Servs., Inc. v. United States,* 275 F.3d 1366, 1370 (2002); *American Federation of Government Employees v. United States,* 258 F.3d 1294, 1301–02 (2001) ("*AFGE*"), *cert. denied,* —— U.S. ——, 122 S.Ct. 920, 151 L.Ed.2d 885 (2002). Under this standard, the definition of an "interested party," for purposes of § 1491(b)(1), is limited to actual or prospective bidders or offerors whose direct economic interest would be affected by the award of the contract or by failure to award the contract. 31 U.S.C. § 3551(2); *Myers,* 275 F.3d at 1370; *AFGE,* 258 F.3d at 1302.

It is considered that Ceres presents this matter for determination *before the award has been made,* and is ready and willing to compete for a contract. Ceres is challenging an allegedly improper change to the terms of a solicitation that purportedly deterred it from competing and the remedy Ceres seeks is the opportunity to compete under a revised solicitation. Under this set of circumstances, Ceres is an interested party to protest the terms of the solicitation. *See Mike Hooks, Inc. v. United States,* 39 Fed.Cl. 147, 153 (1997) (pre-award bid protest); *ATA Defense Industries, Inc. v. United States,* 38 Fed.Cl. 489, 494–95 (1997) (determining that in situation in which party intended to present a bid but was prevented from so doing in violation of controlling statutes and regulations, that party is interested party pursuant to CICA); *see also WinStar Communications, Inc. v. United States,* 41 Fed.Cl. 748, 757 (1998) (determining that plaintiff was an interested party when objecting to a solicitation and further established this status by subsequently submitting proposal). Accordingly, the court possesses subject matter jurisdiction to consider and rule upon Ceres' objections to the solicitation. *Mike Hooks,* 39 Fed.Cl. at 153; *ATA Defense Indus.,* 38 Fed. Cl. at 494–95.

### Standard of Review

Motions for summary judgment upon the administrative record are treated in accordance with the rules governing motions for summary judgment. RFC 56.1; *JWK Int'l Corp. v. United States*, 49 Fed.Cl. 371, 387–88 (2001), *aff'd*, 279 F.3d 985 (2002); *Redland Genstar, Inc. v. United States*, 39 Fed.Cl. 220, 230 (1997). Each motion must be evaluated on its own merits and will be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *JWK*, 49 Fed.Cl. at 387–88, *aff'd*, 279 F.3d 985; *Redland Genstar*, 39 Fed.Cl. at 230.

Under the standard of review applicable in bid protests, an agency's procurement decisions will be upheld unless shown to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); 28 U.S.C. § 1491(b)(4). The court may not intervene unless the disappointed bidder demonstrates that there was no rational basis for the award decision, or demonstrates "a clear and prejudicial violation of applicable statutes or regulations." *Impresa*, 238 F.3d at 1332; *Advanced Data Concepts, Inc. v. United States*, 216 F.3d 1054, 1057 (Fed.Cir.2000). In addition to demonstrating a significant error in the procurement process, the protestor must also show that the error was prejudicial in order to prevail in a bid protest. *Emery Worldwide Airlines*, 264 F.3d at 1085–86; *Impresa*, 238 F.3d at 1332–33; *Alfa Laval Separation, Inc. v. United States*, 175 F.3d 1365, 1367 (Fed.Cir.1999); *Statistica, Inc. v. Christopher*, 102 F.3d 1577, 1581 (Fed.Cir.1996).

██ Although these principles are derived from cases evaluating the actions of contracting officers, the same standards apply when evaluating the SBA's determination of whether a solicitation contains the proper NAICS code. *See e.g., Stapp Towing Inc. v. United States*, 34 Fed.Cl. 300, 306 (1995) (utilizing bid protest standard in reviewing SBA's final decision upon a responsibility evaluation). As outlined above, pursuant to the regulations promulgated under the Small Business Act, the SBA–OHA, is vested with exclusive jurisdiction to review the CO's determination of the appropriate NAICS code designation.

13 C.F.R. § 121.1102. Accordingly, in order to prevail when the SBA is the final agency decision-maker, the protestor must establish that the SBA–OHA's NAICS code determination had no rational basis or that in making the decision, the SBA–OHA violated an applicable procurement statute or regulation in a manner which was prejudicial to the potential offeror. *Stapp Towing*, 34 Fed.Cl. at 306.

Deference is accorded to the Congressional policies underlying the Small Business Act, and the SBA–OHA's final determinations. *Id.* at 306; *Stellacom, Inc. v. United States*, 24 Cl.Ct. 213, 216 (1991); *Three S Constructors, Inc. v. United States*, 13 Cl.Ct. 41, 45 (1987); *see also DSE, Inc. v. United States*, 169 F.3d 21, 30 (D.C.Cir.1999) (district court reviewing SBA–OHA's NAICS decision pursuant to APA standard). Additional rationale for deferring to the SBA–OHA decision is found in the "quasi-technical administrative expertise and a familiarity with the situation acquired by long experience with the intricacies inherent in a comprehensive regulatory scheme." *Baird Corp. v. United States*, 1 Cl.Ct. 662, 666 (1983). The court cannot substitute its own judgment for that of the agency. *Citizens to Preserve Overton Park*, 401 U.S. at 416, 91 S.Ct. 814. Nor can the court invalidate an SBA decision because it would have reached a different result on the record. Rather, applying the standards applicable to bid protests, it is necessary to review the SBA–OHA's determination and ascertain whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Stapp Towing*, 34 Fed. Cl. at 306; *Stellacom*, 24 Cl.Ct. at 216; *Three S Constructors*, 13 Cl.Ct. at 45; *see DSE*, 169 F.3d at 29. However, deference to the SBA–OHA's decision is contingent upon an offering by the agency of a reasoned explanation for its decision which is in accord with material facts contained in the administrative record. *Y.S.K. Constr. Co. v. United States*, 30 Fed.Cl. 449, 459 (1994) ("SBA's decision must set forth its rationale with clarity and must be justifiable on that basis"); *see DSE*, 169 F.3d at 30.

### Validity of SBA–OHA's Denial
### of Ceres' Appeal

■ Ceres broadly challenges the legality of the SBA–OHA's denial of its NAICS appeal on the basis that neither the CO nor the SBA–OHA apparently considered the fact that there were a number of predecessor debris removal procurements, albeit in other counties in Oklahoma, which were assigned the industrial classified code NAICS 234990 (All Other Heavy Construction). The plaintiff particularly contests the government's failure to explain the rationale for the decision to change the classification to NAICS 562119 (Other Waste Collection). Specifically, Ceres complained that (1) the CO's decision was irrational because he failed to provide an explanation for his decision to change the industry classification code in this matter from NAICS 234990 (All Other Heavy Construction) to NAICS 562119 (Other Waste Collection), apparently in disregard of the precedent in the industry for assigning NAICS code 234990 to solicitations for ice storm debris removal work; (2) upon review the SBA–OHA irrationally affirmed the CO's decision without obtaining any explanation from the CO regarding his decision to change the NAICS classification although the solicitation appears to be for the same type of work as earlier procurements; (3) the SBA–OHA itself failed to acknowledge the precedent in the industry for assigning NAICS code 234990 to solicitations for ice storm debris removal work; (4) in plaintiff's opinion, the work called for by the contract is construction work which would be better accomplished under NAICS 234990; (5) the new classification assigned to this contract, NAICS 562119, hampers competition by enforcing a lower size standard than had been previously in place. The government has addressed each of these allegations in its cross-motion.

Counsel are commended for their cooperative efforts in this matter. It is particularly noted that counsel for both parties worked diligently to obtain and file the Administrative Record and to prepare well-researched briefs in this matter in a very short time frame. Moreover at oral argument counsel for both parties were well prepared and very helpful in assisting the court to fully ventilate the issues surrounding this matter. The assistance of counsel in this matter is greatly appreciated.

However, following careful consideration and review of counsel's assertions at oral argument and in the briefs as well as the administrative record, it is considered that the court need not reach the several issues set forth in the parties' presentations, because the SBA–OHA's determination in this matter constituted an unexplained departure from earlier decisions of that Office. Affording due deference to the administrative determinations, it must be concluded that the SBA–OHA acted arbitrarily and capriciously in this matter and the SBA–OHA decision is vacated and the controversy returned for a fresh determination.

As the SBA–OHA noted in its determinations in *Ceres I* and *Ceres II*, on October 1, 2000, the SBA implemented the NAICS system for classifying business establishments. The NAICS system replaced the previous Standard Industrial Classification ("SIC") system. *See e.g. Phoenix Scientific Corp.*, SBA No. NAICS–4416 (SBA–OHA 2000). Although the SIC codes for some activities appear to have translated entirely into a single NAICS code, other activities previously classified under a single SIC codes now appear to be divided over several more specific NAICS codes. *See* SIC Codes and Their Size Standards Matched to Their Corresponding NAICS Codes and Their Size Standards at *www.sba.gov/size/SIC2NAICSmain.html* ("*U.S. Small Business Administration SIC to NAICS Correspondence Table* "). The converse also being true, in some instances activities previously classified under separate SIC codes now appear to be consolidated under a single NAICS code definition. *See U.S. Small Business Administration SIC to NAICS Correspondence Table.* In this regard, the NAICS code which plaintiff seeks to have applied to the solicitation at issue in this matter, NAICS 234990 (All Other Heavy Construction), encompasses work previously classified under three separate SIC codes. Specifically, NAICS 234990 (All Other Heavy Construction) now includes activities previously designated at: (1) SIC

1629 (Nonbuilding Structures Except Industrial Construction), and SIC 1629 (Heavy Construction, NEC Except, Dredging and Surface Cleanup); (2) SIC 7353 (Heavy Construction Equipment Rental with Operator) [10] ; and (3) SIC 8741 (Construction Management Services). *See U.S. Small Business Administration SIC to NAICS Correspondence Table.* The NAICS code which the CO designated for this contract and which the SBA–OHA affirmed was the appropriate code for the work in this solicitation, NAICS 562119 (Other Waste Collection), encompasses only the work previously classified, in part, as SIC 4212 (Other Waste Collection Without Disposal Except Garbage and Refuse Collection, Without Disposal).

As stated earlier the SBA–OHA standard of review for NAICS determinations is whether the classification designation was based upon a clear error of fact or law. 13 C.F.R. § 134.314. A protestor bears the burden in appeals before the SBA–OHA to fully and specifically support its allegations that the NAICS code designation is incorrect. 13 C.F.R. § 134.305(a)(3). However, as the SBA–OHA also noted in its determinations in both *Ceres I* and *Ceres II,* "case precedent of the Office of Hearings and Appeals, decided under the prior SIC system, will apply to NAICS code appeals." *NAICS Appeal of Phoenix Scientific Corp.,* SBA No. 4416 (SBA OHA 2000). The SBA–OHA, in deciding an NAICS appeal, considers not only those NAICS codes advocated by the CO and the protestor, but also considers "any other ... [NAICS] code it deems, *sua sponte,* arguably is appropriate for the solicitation." *Information Ventures, Inc.,* SBA No. 4294 (SBA OHA 1998); *DCS Corp. and ENSO, Inc.,* SBA No. 3371 (SBA OHA 1990). The SBA–OHA "does so because SBA has a responsibility to ensure that, where an appeal raises the issue of ... [NAICS] code classification, the most appropriate ... [NAICS code] is selected." *Information Ventures, Inc.,* SBA No. 4294 (SBA OHA 1998); *DCS Corp. and ENSO, Inc.,* SBA No. 3371 (SBA OHA 1990).

In the SBA–OHA's consideration of *Ceres II,* Ceres asserted that solicitation NRCS–3–OK–02 should not be classified under NAICS 562119 (Other Waste Collection). AR 116. The essence of plaintiff's argument was that since "the work requires the use of heavy equipment to cut debris, remove embedded material, place earth fill, shape embankments and perform other construction-type related work," the proper NAICS code designation was 234990 (All Other Heavy Construction). AR 116. In support of this argument, Ceres cited *M.P. Environmental Services, Inc.,* SBA No. 3950 (SBA OHA 1994) a prior SBA–OHA decision in which the SBA–OHA considered what the correct SIC code should be for a solicitation that called for collection and disposal of oily waste materials generated by ships. Ceres included the following parenthetical information explaining its rationale for citing this decision as authority, stating specifically, " '4212 [the SIC code[ ] which was the precursor to NAICS 562119] primarily involves the collection of loose refuse (including garbage, debris, and other rubbish) ...and the removal of such material from the premises[ ];' (*4212 does not involve the processing of the material). Notably, [in the solicitation under consideration in Ceres II ] the bid schedule provides a line item (bid item 8) for burning debris.*" AR 116 (emphasis added).

Specifically, in the SBA–OHA's final decision, the Administrative Judge noted the citation to *M.P. Environmental Services, Inc.,*[11] but improperly rejected this authority

---

10. Various suggestions were presented in response to the court's questioning of counsel as to what the SIC code might have been for ice storm debris removal contracts in Oklahoma. This solicitation contains indicia of a service type contract. However, the court notes that the Presolicitation Notice, published in FedBizOpps, in the section identified as "Description," states that Solicitation NRCS–03–OK–02 is for *"Equipment Rental (with operators)* Six reaches in the Northern part of Johnston County, Oklahoma." AR 119 (emphasis added). It is further noted that

SIC 7353, a construction code, appears to have described that work. Moreover, SIC 7353 appears to have been a precursor to the current NAICS 234990 (All Other Heavy Construction), which Ceres advocates is the correct code for the solicitation at issue in this matter. *See U.S. Small Business Administration SIC to NAICS Correspondence Table.*

11. It is noted that both the SBA–OHA decisions in *Ceres I* and *Ceres II* appear to contain the same typographical error. Both decisions state,

stating only that Ceres' "reliance on *M.P. Environmental*, . . . is misplaced. The statement of work there called for collection and disposal of oily wastes from ships. This is totally different from the statement of work in the instant case. Therefore, Appellant, who has the burden of proof, has not pointed to any applicable case precedent . . . ." AR 105.

The SBA–OHA was correct in noting the factual differences between the scenario in *M.P. Environmental Services, Inc.* and those in *Ceres II*. The SBA–OHA noted that in *M.P. Environmental Services, Inc.*, the material to be removed was oily waste materials generated by ships and in *Ceres II* the issue is the removal and disposal by processing and burning vegetative debris. However, these factual differences are not dispositive in this matter because the industrial classification code utilized in *M.P. Environmental Services, Inc.* is not limited to situations in which the material to be removed is oily waste. The SBA–OHA failed to note the broader legal application necessary for interpreting industrial classification codes which it had applied previously.

Further, in *M.P. Environmental Services, Inc.*, SBA No. 3950 (SBA–OHA 1994), the SBA–OHA determined that "[t]he principal emphasis of the solicitation is collection and removal, not the processing or destruction of the wastes by some chemical or other means." On that basis, the SBA–OHA determined that SIC 4212 (now classified as

one of six NAICS codes including NAICS 562119 (Other Waste Collection)) was appropriate because "the solicitation does not require the contractor to process the refuse in some chemical way, but merely to collect and dispose of it." *M.P. Environmental Services, Inc.*, SBA No. 3950 (SBA–OHA 1994). The SBA–OHA further quoted from its own seven-year-old determination of *Consolidated Marketing Network, Inc.*, SBA No. 2387 (SBA–OHA 1986) for the distinction between SIC 4212 and a related provision SIC 4953,[12] stating specifically:

> the solicitation [at issue in *Consolidated Marketing Network, Inc.*, SBA No. 2387 (SBA–OHA 1986) ] primarily involves the collection of loose refuse (including garbage, debris, and other rubbish) . . . and the removal of such material from the premises. These are the sort of services included in the SIC code 4212 Classification. *The solicitation does not involve the collection and disposal of refuse by "processing or destruction" which is contained in the description of SIC 4953 . . . .*

*M.P. Environmental Services, Inc.*, SBA No. 3950 (SBA–OHA 1994) (emphasis added).

Moreover, in a subsequent matter, *South Bay Sand Blasting and Tank Cleaning, Inc.*, SBA No. 4272 (SBA OHA 1997), the SBA–OHA, in reliance upon its own precedential opinions set forth above, overturned a CO's SIC classification and concluded that "procurements which require the hauling of

---

in the section describing Ceres' arguments in the appeal, that "Appellant cites *SIC Appeal of M.P. Environmental Services, Inc.*, SBA No. SIC–3950 (1994) for the proposition that the collection and removal of loose refuse was classified under *SIC code 4212 (now NAICS code 234990)*. Thus appellant asserts NAICS code 234990 is appropriate here." AR 104; 205 (emphasis added). As a matter of law, the six separate activities previously characterized pursuant to SIC code 4212 (including Local Trucking Without Storage; Solid Waste Collection Without Disposal; Other Waste Collection Without Disposal Except, Garbage and Refuse Collection, Without Disposal; Local General Freight Trucking Without Storage Except, Garbage and Refuse Collection, Without Disposal; Household Goods Moving Without Storage; and Local Specialized Freight Trucking Without Storage) are now classified as six separate NAICS codes including NAICS 562119 (Other Waste Collection). *See U.S. Small Business Administration SIC to NAICS Correspondence Ta-*

ble. NAICS 234990 is not among the codes identified as counterparts to SIC 4212. *Id.*

12. The court notes that SIC 4953 has five counterpart codes in the NAICS codes. *See U.S. Small Business Administration SIC to NAICS Correspondence Table.* Among these analagous NAICS code provisions is NAICS 562219 (Other Nonhazardous Waste Treatment and Disposal). It is further noted that NAICS 562219, the SIC 4953 counterpart, *differs by only one digit* from the NAICS code assigned by the CO in this matter, NAICS 562119 (Other Waste Collection). It would not be difficult to make a typographical error and transpose these codes. It is further noted that the size standard for NAICS 562219, $10.5 million, appears to be the same as that established for NAICS 562119 (Other Waste Collection). *See U.S. Small Business Administration SIC to NAICS Correspondence Table.*

waste material—but no disposal—[are to be classified] under SIC code 4212." In *South Bay Sand Blasting and Tank Cleaning, Inc.*, the SBA–OHA further noted that "[e]stablishments engaged in collecting and *disposing of refuse by processing or destruction of materials* are classified under SIC code 4953." (emphasis added).

The instant solicitation, bearing number NRCS–3–OK–02, for ice storm debris removal in Johnston County, prescribed in the specifications that the contract would require "the cleanup, removal, and disposal of vegetative and non-vegetative debris." AR 188. The specifications distinguished the means of treating vegetative debris from non-vegetative debris and defined "vegetative debris" as "fallen trees, fallen limbs, dislodged stumps, dislodged brush, snags, 'hangers,' and 'leaners.'"[13] Although non-vegetative debris was to be hauled to the right of way of the nearest county road, the specifications specifically provided that "all vegetative debris . . . shall be chipped or burned, . . . [m]aterial to be chipped shall be ground to a size not to exceed three inches in length or one inch in width." AR 190. The "chipped material shall be hauled to the right of way of a county road or other central area agreed to by the sponsor. The sponsor will be responsible for disposal of the material." AR 190.

Based upon the precedent set by the SBA–OHA, under the precursor SIC code system, the work required to clear debris from the waterways at issue in this matter would not qualify for classification as SIC 4212 because the chipping and burning of debris prior to hauling it away from the site would be considered "processing or destruction of materials." *South Bay Sand Blasting and Tank Cleaning, Inc.*, SBA No. 4272 (SBA OHA 1997); *M.P. Environmental Services, Inc.*, SBA No. 3950 (SBA–OHA 1994); *Consolidated Marketing Network, Inc.*, SBA No. 2387 (SBA–OHA 1986). The SBA–OHA stated, without addressing this precedential line of cases, that NAICS 562119 (Other Waste Collection), which has its only SIC counterpart in SIC 4212, is the correct industry classification for Solicitation NRCS–3–OK–02. Because the SBA failed to explain its departure from its own previous decisions, this conclusion is not rational. *See Y.S.K. Constr. Co.*, 30 Fed.Cl. at 459; *cf. DSE*, 169 F.3d at 30.

■ "To prevail in a protest the protester must show not only a significant error in the procurement process, but also that the error prejudiced it." *Data Gen. Corp.*, 78 F.3d at 1562. It is considered that the procedure in this matter was irrational and in contravention of the agency's duty to find the error of law in the CO's NAICS designation. To establish prejudice in an action involving an alleged regulatory violation the protestor must show that absent the error, "there was a substantial chance it would have received the award." *Emery Worldwide Airlines*, 264 F.3d at 1086 (*citing Alfa Laval Separation, Inc. v. United States*, 175 F.3d 1365, 1367 (Fed.Cir.1999)); *Statistica, Inc. v. Christopher*, 102 F.3d 1577, 1582 (Fed.Cir.1996).

■ The court finds that Ceres was prejudiced by the SBA–OHA's irrational determination. Ceres contends that it can demonstrate average annual receipts of less than $28.5 million. With this income level, Ceres might have been able to win an award under the NAICS code previously used for this type of contract, NAICS 234990 (All Other Heavy Construction), with the applicable $28.5 million size standard. However, under the revised NAICS code, NAICS 562119 (Other Waste Collection), with its lower size standard of $10.5 million, Ceres is ineligible for award. Although the SBA–OHA, upon remand may ultimately find that NAICS 234990 (All Other Heavy Construction) is not the correct industrial code classification and that another code such as NAICS 562219 is applicable, had the code designation not been changed, Ceres would have been eligible to be awarded this solicitation. Furthermore, it is noted that the SBA considers "previous Government procurement classifications of the same or similar . . . services when select-

---

**13.** The specifications further defined "hangers" as "branches more than 6 feet long that are broken, but are still connected to an otherwise healthy tree." AR 188. "Leaners" were defined in the specifications as "trees that are leaning at an angle greater than 45 degrees from vertical." AR 188.

ing the NAICS code." 13 C.F.R. § 121.402(b). Accordingly, because NAICS code 562119 will likely be applied to future debris removal contracts in Oklahoma, Ceres is further prejudiced by its preclusion from future contracts of this type.

Based upon the foregoing, the court vacates the SBA–OHA decision in *Ceres II.* This will require a fresh determination by SBA–OHA, which is appropriate, as the SBA is the best interpreter of its own regulations. *Y.S.K. Constr.,* 30 Fed.Cl. at 459; 13 C.F.R. § 121 .1102.

The issue of whether this solicitation is more properly classified as a construction contract than as a services type of contract is best addressed by the SBA–OHA. *Y.S.K. Constr.,* 30 Fed.Cl. at 459; 13 C.F.R. § 121.1102. Furthermore, based upon the foregoing, the parties' assertions regarding the question of the CO's motivations for changing the NAICS code designation and decision not to participate in the NAICS code appeal before the SBA–OHA need not be reached. Having vacated the decision of the SBA–OHA, the question of the impact of the NAICS code selection upon competition is rendered moot.

### Motions to Supplement the Administrative Record

The finding, that plaintiff's claims of prejudicial errors in the procurement process are supported as a matter of law, and was based upon the facts set forth in the administrative record. Because the issue of the CO's motivations for changing the NAICS code designation or the issue of whether the solicitation is more properly classified as a construction contract or a services contract are not relevant, the additional factual matters which were submitted to supplement the administrative record are not necessary for complete judicial review. *Impresa,* 238 F.3d at 1333. Accordingly, in this regard each of the parties' motions relative to the motions to supplement the administrative record are denied.

### Injunctive Relief

█ It is well established that the court considers four factors in determining whether the extraordinary measure of injunctive relief is appropriate. *Delbert Wheeler Constr., Inc. v. United States,* 39 Fed.Cl. 239, 251 (1997), *aff'd,* 155 F.3d 566 (Fed.Cir.1998); *FMC Corp. v. United States,* 3 F.3d 424, 427 (Fed.Cir.1993); *Zenith Radio Corp. v. United States,* 710 F.2d 806, 809 (Fed.Cir.1983); *Maintenance Engineers v. United States,* 50 Fed.Cl. 399, 426 (2001) (*citing Bean Stuyvesant, L.L.C. v. United States,* 48 Fed.Cl. 303, 320–21 (2000)) (noting that test for permanent injunction is nearly identical to that for a temporary restraining order or preliminary injunction); *ATA Defense Indus., Inc. v. United States,* 38 Fed.Cl. 489, 505 n. 10 (1997) (noting that "factors are the same as those considered for a preliminary injunction"). These factors are: (1) a showing of either a likelihood or actual success on the merits of the appeal; (2) a demonstration that plaintiff will suffer irreparable injury unless the stay is granted; (3) a showing that the stay would not pose substantial harm to other interested parties if granted; and (4) a showing that no harm will be inflicted upon the public interest. *Delbert Wheeler,* 39 Fed. Cl. at 251, *aff'd,* 155 F.3d 566; *FMC Corp.,* 3 F.3d at 427; *Zenith Radio Corp.,* 710 F.2d at 809; *Bean Stuyvesant,* 48 Fed.Cl. at 320–21.

█ Plaintiff must demonstrate by clear and convincing evidence that it is entitled to injunctive relief. *Delbert Wheeler,* 39 Fed.Cl. at 251, *aff'd,* 155 F.3d 566; *Maintenance Engineers v. United States,* 50 Fed.Cl. 399, 426 (2001). Moreover, the case law contemplates that the court will adopt a flexible approach to balancing the four factors on a case by case basis. *FMC,* 3 F.3d at 427; *Labat–Anderson Inc. v. United States,* 50 Fed.Cl. 99, 105 (2001).

### 1. Success on the Merits

█ As supported by the discussion contained in this Order, the Administrative Record in this case supports plaintiff's allegations of a defect in the procurement procedure. However, it is not determined that the correct NAICS code is the one advocated by Ceres. The decision of the SBA–OHA has been vacated and a fresh determination is required. Accordingly, the question of whether plaintiff is likely to succeed on the merits before the SBA–OHA is still a valid

concern for purposes of determining whether injunctive relief is appropriate.

As noted in detail herein, the SBA–OHA is the final arbiter of NAICS code designations. 13 C.F.R. § 121.1102. In those cases in which a contract of the type at issue here was examined, the SBA–OHA has determined that the appropriate code was SIC 4953. Each of the five counterpart codes carry a size standard of $10.5 million. *U.S. Small Business Administration SIC to NAICS Correspondence Table.* If SBA–OHA were to follow its own precedent it is considered that Ceres is not likely to be eligible for award, because Ceres has average annual receipts in excess of the $10.5 million size standard. Compl. ¶ 7.

It is also recognized, however, that based upon the prior contracts and the notation in the Presolicitation Notice, that the SBA–OHA may determine it has sufficient grounds to determine that the principle purpose of the work was described in SIC 7353, which has a counterpart in NAICS 234990 (All Other Heavy Construction), with a size standard of $28.5 million. *U.S. Small Business Administration SIC to NAICS Correspondence Table.* However, based upon the SBA–OHA's prior decisions, and the indicia of a services type contract, rather than a construction type contract contained in this solicitation, it is unlikely that SBA–OHA will find this to be an adequate rationale for the NAICS code selection.

It is considered that based upon the arguments presented Ceres has not demonstrated a strong likelihood of success upon the merits of its appeal before the SBA–OHA. There remain three factors to consider in the applicable balancing test.

2. *Likelihood that Movant Will Suffer Irreparable Harm*

The question of whether Ceres will suffer irreparable harm if the injunction is not granted is arguable. "When assessing irreparable injury, 'the relevant inquiry in weighing this factor is whether plaintiff has an adequate remedy in the absence of an injunction.'" *Overstreet Elec. Co., Inc. v. United States,* 47 Fed.Cl. 728, 743–44 (2000) (citations omitted).

Essentially Ceres contends that unless performance is enjoined, plaintiff will be denied the opportunity to compete for this award as well as future contracts for debris removal. In considering cases involving the four factor analysis for a temporary restraining order pending judicial review, loss of an opportunity to compete for or obtain a Government contract has generally been found to constitute irreparable injury. *United Int'l Investigative Servs., Inc. v. United States,* 41 Fed.Cl. 312, 323 (1998) ("the opportunity to compete for a contract and secure any resulting profit has been recognized to constitute significant harm."); *Magnavox Elec. Sys. Co. v. United States,* 26 Cl.Ct. 1373, 1379 (1992); *TRW Envtl. Safety Sys., Inc. v. United States,* 16 Cl.Ct. 520, 529 (1989).

In this instance however, Ceres essentially seeks an injunction pending appeal after judicial review. Clearly, Ceres has already had an opportunity to protest the NAICS code assignment and was unsuccessful in its attempts to demonstrate that the appropriate NAICS code designation is NAICS 234990 (All Other Heavy Construction) which contains a $28.5 million size standard. As discussed herein, there does not appear to be sufficient evidence to support a finding that the appropriate NAICS code is 234990 (All Other Heavy Construction) and Ceres has not suggested any other applicable code designation with a similar size standard.

The SBA–OHA decision will, however, likely affect future awards. 13 C.F.R. § 121.402(b). Accordingly, until the CO or the SBA–OHA determine that a different code is more appropriate, future contracts for debris removal will likely now be solicited pursuant to NAICS code 562119 (Other Waste Collection). *Id.* Accordingly, a substantial amount of work for which Ceres might previously have been eligible to compete will now be performed by another contractor. It is considered that in this circumstance there may be some merit to Ceres's argument of irreparable harm.

However, it is clear that the crux of plaintiff's argument is not so much a loss of the opportunity to compete for the solicitation, but rather an assertion that solicitations for

debris removal work should bear a particular NAICS classification code. Enjoining the opening of bids for the Johnston County solicitation would have little effect upon future solicitations. A change in the NAICS code classification for this type of contract is contingent upon convincing the SBA–OHA that the Contracting Officer has made a mistake of fact or law in determining which NAICS code should apply to the contract. As discussed above, it is considered unlikely that Ceres will prevail on this issue.

Notwithstanding Ceres' assertions to the contrary, there is little, if any, support for Ceres' assertion that a denial of the stay will result in irreparable injury. The parties all face hardship for the period of time involved in resolving this matter. Ceres loses the profit involved were they to obtain an award and the government stands to face costs of repairing damage resulting from its inability to hire a contractor to clear any affected waterways in Johnston County.[14] Any damage to property would likely be compounded by continued delay. Accordingly, it is considered that this factor is essentially neutral.

### 3. Likelihood of Harm to Interested Parties

With regard to the likelihood that substantial harm might be inflicted upon other interested parties if the stay were granted, Ceres contends that both the interests of the public and of firms which rely upon the proper classification of procurement to maximize competition are at stake.

Beyond Ceres' own conclusory allegations, plaintiff has not demonstrated that the NRCS has conducted this procurement without providing for full and open competition within the confines of the Small Business Act. Moreover, Ceres does not offer any evidence or argument to support the proposition that granting the stay would avoid substantial harm to other interested parties.

Performance has been voluntarily delayed by nearly a month as a result of this litigation. It is considered that, regardless of whether fewer firms would compete for the

work, in light of the changed NAICS code, inactivity at sites where ice storm debris has accumulated in Johnston County would, at the very least, result in degradation of the planning and preparation costs already expended in anticipation of commencement of performance. Further delay may result in flood damage, either upon private or federal lands, and may impact environmental concerns. Moreover, Ceres has not addressed the interests of parties, including the government, who might suffer flood damage as a result of clogged waterways. Accordingly, Ceres has presented inadequate evidence that the granting of the instant stay would not result in substantial harm to other interested parties.

### 4. The Public Interest

Finally Ceres asserts that the public interests which might be served should a stay be granted generally include an expectation of confidence in the procurement laws. Furthermore, Ceres implies that the taxpayers have an interest in obtaining the benefit of a low bidder's services on a competitively bid contract.

Plaintiff is correct in its assertion that the public has an interest both in the fair and open competition afforded under the procurement laws and in obtaining the best price for work performed with federal funding. Ceres has already had the opportunity to ventilate its grievances in court while performance of the contract has been deferred. That matter now must continue before the SBA–OHA on somewhat different grounds than were previously asserted before the agency and this court. It is considered that there is a concurrent public interest in obtaining the speedy resolution of matters brought before the court and the efficient use of limited judicial resources. RCFC 1.

There is also a substantial public interest in allowing the government to proceed with contracts awarded, in a manner consistent with fair and open competition, to the contractor offering the best value. This is par-

---

14. At the March 11, 2002 hearing, government counsel indicated some uncertainty as to whether the lands which might potentially be affected in Johnston County were federal or private property. Counsel for the USDA indicated that if the property were privately owned there might be liability for damage to private property.

ticularly evident in this case, in which the purpose of this solicitation is to prevent damage to public or private property. The longer the court delays the performance of this contract the more likely is the increased chance of flooding or some other environmental damage as a result of improperly cleared waterways in Johnston County. Notwithstanding Ceres' assertion to the contrary, it is concluded that the public interest would be most favored by allowing performance of the instant contract by the offeror selected by the government without judicially imposed disruption.

It is considered that balancing all four factors, the scale tips heavily in favor of denial of Ceres' motion for the equitable relief sought.

Accordingly, it is **ORDERED**:

(1) Final Judgment shall be entered declaring SBA–OHA decision number SBA No. NAICS–4472 **VACATED**;

(2) To the extent plaintiff's motion for judgment upon the administrative record seeks declaratory relief from the SBA–OHA's decision, that motion is **GRANTED** and to the extent other relief is sought the motion is **DENIED**;

(3) To the extent that the affidavit of Mr. David Preus, annexed to Ceres' Motion for Summary Judgment may be construed as a Motion to Supplement the Administrative Record, it is considered that an inquiry into the factual matters asserted therein was not necessary and the motion is **DENIED** as moot;

(4) Defendant's Motion to Strike the Affidavit of Mr. David Preus is likewise **DENIED** as moot;

(5) Because it was not necessary to inquire into the factual matters surrounding the CO's NAICS code selection, defendant's motions to supplement the administrative record with the affidavit of the Contracting Officer and various documents culled from the files of the Contracting Officer are **DENIED** as moot;

(6) In accordance with (5), Defendant's Motion to File the Contracting Officer's Affidavit with a Telecopied Signature, and the subsequently filed Notice of Filing the Original Signature of the Contracting Officer are **DENIED** as moot;

(7) Plaintiff's Motion for Injunctive Relief is **DENIED**;

(8) No costs.