**EAGLE DESIGN AND MGMT., INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 02–1326C.

United States Court of Federal Claims.

Dec. 13, 2002.

John R. Tolle, McLean, VA, for plaintiff. William T. Welch, of counsel.

Victoria L. Strohmeyer, U.S. Department of Justice, Washington, DC, with whom were Robert D. McCallum, Assistant Attorney General, and Director David M. Cohen, for defendant. Beverley Hazlewood Lewis, U.S. Small Business Administration, and Daniel J. Barry, U.S. Department of Health and Human Services, of counsel.

## OPINION AFTER REMAND

FIRESTONE, Judge.

This case concerns a pre-award bid protest filed under 28 U.S.C. § 1491(b)(4). At issue is a Request for Proposal ("RFP") for support services for the National Diabetes Information Clearinghouse, the National Digestive Diseases Information Clearinghouse, and the National Kidney and Urologic Disease Information Clearinghouse (the "government"). Eagle Design and Management, Inc. ("Eagle"), the plaintiff, objects to the Small Business Administration's affirmance of the contracting officer's selection of North American Industry Classification System ("NAICS") code 561110, Office Administrative Services, as the appropriate code for this procurement. By virtue of this selection, Eagle, the incumbent contractor, will not be eligible for award.

The background facts are set forth in the court's initial October 30, 2002 order, remanding the decision of the Small Business Administration, to the Office of Hearings and Appeals ("OHA") for further consideration. In particular, the court ordered the OHA judge "to determine whether the contracting officer's selection of NAICS 561110 is the most appropriate for this solicitation or whether any other code is more appropriate. The OHA must also address the alternative proposed by Eagle that was not addressed in the ... OHA decision." On November 22, 2002, the OHA judge, after addressing the issues identified in the court's order, reaffirmed the contracting officer's ("CO's") selection of NAICS code 561110 and denied Eagle's appeal. Eagle argues that the decision reaffirming that code selection is arbi-

trary, capricious, and not in accordance with the law.

For the reasons that follow, Eagle's protest is **DENIED**.

## BACKGROUND

Following the remand, the OHA judge allowed Eagle to supplement the record and submit to him a binder complete with eighteen tabs of other RFPs, which Eagle argued were similar to the RFP for the clearinghouses at issue here but which had not been given the NAICS code 561110 designation. In each of the examples provided by Eagle, the clearinghouses were classified under computer or information-related codes, which allow for a larger size company to receive the award.

The CO was given an opportunity to respond to Eagle's submission. In her response the CO stated that she did not think that the eighteen procurements identified by Eagle were sufficiently similar to the pending RFP to warrant a change in the NAICS code. To the contrary, the CO reiterated that the majority of tasks required by this RFP are administrative in nature and thus 561110 is correct. In support of this proposition, the CO attached another solicitation for a clearinghouse which had also identified NAICS code 561110 as the appropriate code. Finally, the CO noted that to the extent any other code might be appropriate, she believed that code 514120, Libraries and Archives, might also cover the RFP.

In its nine page decision, the OHA judge explained that the issue on appeal is whether the CO's designated NAICS code is based on a clear error of fact or law. *Eagle Design and Mgmt. v. United States,* No. 02–1326C (SBA, OHA Nov. 22, 2002). In this connection he noted that under 13 C.F.R. § 121.402(b), the governing regulation, the correct NAICS code is the one that "best describes the principal purpose of the services being procured, in light of the industry description in the *NAICS Manual,* the description in the solicitation, and the relative weight of each element in the solicitation." *Id.* at 8. Tested by this standard, the OHA judge concluded that the originally designated code 561110 remains appropriate, and that

Eagle had failed to show that the CO clearly erred in selecting NAICS code 561110.

With respect to the other procurements identified by Eagle, the OHA judge discussed each of Eagle's attachments and explained how each was different from the RFP at issue in this case. He also noted that "the record clearly reflects that information clearinghouse procurements have received a number of NAICS code designations, with differing size standards. This fact would appear to make it more difficult to assert the CO's designation is in 'clear error.'" *Id.* at 6.

In examining the various industry codes against the services called for in this RFP, the OHA judge reaffirmed his earlier decision that NAICS code 541519, Other Computer Related Services, is inappropriate because "computer related services are only incidental to the procurement," and that NAICS code 514210, Data Processing Services, was also not appropriate because "this NAICS code covers firms which merely process data electronically. There is nothing here which would cover the writing and publishing of fact papers, answering a wide range of queries, providing meeting support, and the other functions required by the RFP." *Id.* at 7–8. Further, the OHA judge examined other possible NAICS codes, including the code identified by the CO.

In rejecting these other possible NAICS codes, the OHA judge stated that:

> [T]he publishing NAICS codes (511120, Periodical Publishers; 511199, All Other Publishers), cover establishments engaged in publishing various types of works, and do not cover many of the services the contractor here will have to perform .... Again, the NAICS codes on educational services cover schools which provide instruction and training, which this procurement will not do. [The] CO's alternate suggestion of [514120] Libraries and Archives does not cover the responses to requests for information, issuing publications, and meeting support services required by the instant RFP.

*Id.* at 8.

Finally, the OHA judge examined the appropriateness of 561110 for this procurement.

Citing the *NAICS Manual*, he stated that Eagle's contention that the 561 series does not allow for the use of professional services is not correct, but that the 561 series allows for a blend of administrative and professional services:

> [T]he *NAICS Manual* description of services in the 561 series is not strictly limited to support functions .... [the government] has chosen to use this RFP to obtain the support it needs to run these clearinghouses and educational programs. This coincides with the *NAICS Manual*'s inclusion of such support in its description of the 561 series.

*Id.* at 9. In addition, the OHA judge noted that it was relevant to consider the fact that the predecessor contract for the same services was classified under the Standard Industry Classification ("SIC")[1] code 8741, Management Services, for which NAICS code 561110 is the corresponding code. The judge acknowledged that "[i]t cannot be said that there is a NAICS code with a perfect fit for this procurement. There is no single NAICS code specifically covering information clearinghouses offering all the services [the government] seeks to procure here." *Id.* at 8. However, he ultimately concluded that:

> [B]ecause of the wide range of administrative and office support type services the contractor is required to perform for this procurement, NAICS code 561110, Office Administrative Services, is appropriate.
>
> Therefore, [OHA] concludes [Eagle] has failed to meet its burden of proof that the CO clearly erred in designating NAICS code 561110 ... for this procurement. Accordingly, this Office's September 25th decision is reaffirmed.

*Id.* at 9.

## DISCUSSION

### A. Standard of Review

As stated in the October 30, 2002 order, this action comes under the court's bid protest jurisdiction, and the court is to review the agency's procurement related decision under the standards set forth in 5 U.S.C. § 706. *See* 28 U.S.C. § 1491(b)(4) (2002). In reviewing the OHA judge's determination, special deference is shown because of the SBA's "quasi-technical administrative expertise and [it's] familiarity with the situation acquired by long experience with the intricacies inherent in a comprehensive regulatory scheme." *Ceres Envtl. Serv., Inc. v. United States,* 52 Fed.Cl. 23, 33 (citing *Baird Corp. v. United States,* 1 Cl.Ct. 662, 666 (1983)). In this connection, "[t]he court is not empowered to substitute its judgment for that of the agency." *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). Furthermore, the court cannot invalidate an SBA decision even though the court may have reached a different conclusion. *Ceres Envtl. Serv., Inc.,* 52 Fed.Cl. at 33; *Stellacom, Inc. v. United States,* 24 Cl.Ct. 213, 216 (1991). At bottom, the court may only reverse the OHA judge's decision if the court finds that the decision is irrational or based on an erroneous application of the law.

### B. The OHA Decision is Not Contrary to Law

██ While Eagle argues that the OHA judge failed to properly apply the law, Eagle's arguments are not supported. As the OHA judge correctly stated, the selection of the appropriate NAICS code is governed by 13 C.F.R. § 121.402(b). Under 13 C.F.R. § 121.402(b):

> The procuring agency contracting officer, or authorized representative, designates the proper NAICS code and size standard in a solicitation, selecting the NAICS code which best describes the principal purpose of the product or service being acquired. Primary consideration is given to the industry descriptions in the NAICS United States Manual, the product or service description in the solicitation and any attachments to it, the relative value and importance of the components of the procurement making up the end item being procured, and the function of the goods

---

1. In September 2000, the SIC codes were replaced by the new NAICS code system to determine the size standards in small business set- aside procurements. SIC code 8741 became NAICS code 561110.

or services being purchased. Other factors considered include previous Government procurement classifications of the same or similar products or services, and the classification which would best serve the purposes of the Small Business Act. A procurement is usually classified according to the component which accounts for the greatest percentage of contract value.

Eagle argues that the OHA judge failed to consider the industry descriptions, but instead moved directly to rejecting the alternative codes proposed by Eagle and the CO. This argument has no merit. In keeping with the regulation, the OHA judge examined all of Eagle's and the CO's proposed codes and even two that it raised *sua sponte*. He then compared the alternate codes to the solicitation and to NAICS code 561110 and cited the differences. He provided a reasoned explanation as to why the NAICS code 561110 is the appropriate code, given the importance of the relative components of the procurement. Finally, he examined previous code designations for similar clearinghouse procurements and concluded that because the industry description of NAICS code 561110 was consistent with the current contract requirements and 561110 had been used in at least one other clearinghouse procurement, the selection of 561110 was lawful.

Accordingly, because the OHA judge examined each of the components of the regulation and provided an explanation as to each element of the regulation, the court has no basis for concluding that the OHA decision is not in accordance with law.

**C. The OHA Decision is Not Arbitrary or Capricious**

█  Eagle's contention that the OHA decision is arbitrary and capricious is equally lacking in merit. In order to establish that a decision is arbitrary or capricious the objecting party must show that the decision lacks a rational basis. *See Antarctic Support Assoc. v. United States*, 46 Fed.Cl. 145, 154 (2000) (cases cited therein), *aff'd* by 251 F.3d 171 (Dec. 14, 2000). It is plain from a review of the OHA decision that the conclusion to uphold the CO's selection of NAICS code 561110 is rational.

The OHA judge gave a reasoned explanation in support of his rejection of each of Eagle's proposed codes and of the other codes he examined. While Eagle disagrees with his conclusion, that disagreement does not make the decision irrational. Indeed, even if the court would have reached a different conclusion, the court may not reverse. The court may not substitute its judgment for that of the OHA judge. *Citizens to Preserve Overton Park*, 401 U.S. at 416, 91 S.Ct. 814.

In addition, the OHA judge's decision to affirm NAICS code 561110 as the appropriate code selection is rationally supported. As this court provided for in the remand order, the OHA judge examined the tasks identified in the RFP at length and then examined the description of NAICS code 561110 in the *NAICS Manual*. He then compared the two and determined that given the services called for in the RFP and the breadth of services allowed for under NAICS code 561110, that NAICS code 561110 was appropriate. Nothing more was required.

In such circumstances, the court has no basis upon which to find that the OHA decision was arbitrary or capricious.

**CONCLUSION**

For the foregoing reasons, the government's cross motion for summary judgment is **GRANTED** and Eagle's cross-motion for summary judgment is **DENIED**. Judgment shall be entered for the United States. Each party to bear its own costs.